GLORIA A. POPE *v.* SECRETARY OF PERSONNEL

[No. 86, September Term, 1980.]

*Decided October 16, 1980.*

The cause was argued before MOORE, LOWE and WILNER, JJ.

*Theodore Levin* for appellant.

*James F. Truitt, Jr., Assistant Attorney General,* with

whom was *Stephen H. Sachs, Attorney General,* on the brief, for appellee.

LOWE, J., delivered the opinion of the Court.

—the trend—

The word "shall" has probably occupied the erudition of the Court of Appeals more than any other single term. In recent years the Court of Appeals has with increasing rigidity applied the principle of statutory construction that use of the word "shall" is presumed mandatory. *Hirsch v. Dept. of Nat'l Resources,* 288 Md. 95 (1980); *In Re: James S.,* 286 Md. 702 (1980); *State v. Hicks,* 285 Md. 310 (1979); *Johnson v. State,* 282 Md. 314 (1978); *United States Coin & Currency v. Dir.,* 279 Md. 185 (1977); *Moss v. Director,* 279 Md. 561 (1977); *Bright v. Unsat. C. & J. Fund Bd.,* 275 Md. 165 (1975). A practical qualifying pressure valve — "unless the context of the statute would indicate otherwise" — is invariably adhered to a recitation of that principle. See, *e.g., Maryland St. Bar Ass'n v. Frank,* 272 Md. 528, 533 (1974); *Ginnavan v. Silverstone,* 246 Md. 500, 505 (1967).

While the context of fewer and fewer statutes "indicate otherwise," one of the contextual factors relied upon, "though not controlling," to hold the use of "shall" directory is when a statute provides no penalty for failure to act within a prescribed time. See *Maryland St. Bar Ass'n v. Frank, supra* at 533; but see *In Re: James S., supra.* The case law provides very little in the nature of when or how to prognosticate where the exception should overcome the presumption. *State v. Hicks,* for example, acknowledged a statute governing the assignment of criminal cases for trial in which the term "shall" was held to be directory in *Young v. State,* 266 Md. 438 (1972), for the reason that the Legislature had not explicitly provided the extreme sanction of dismissal for administrative noncompliance. 285 Md. at 316. By having enacted a rule using the identical language of the statute which also lacked explicit sanctions, the Court

of Appeals decided in *Hicks* that in the context of its rule, "shall" was intended to be mandatory. *Id.*[1]

There is, however, a thread of continuity in one line of cases perceived and commented upon by Judge Smith writing for the Court in *In Re: James S., supra.* Since 1908, the Court of Appeals has stood firmly upon the premise that Art. IV, § 15 of the Maryland Constitution is directory only when it admonishes that the Court of Appeals "shall" file its opinions within three months of argument. *McCall's Ferry Co. v. Price,* 108 Md. 96, 113 (1908). Similarly, a like provision for the circuit courts has been consistently interpreted as directory and not mandatory. *Maryland St. Bar Ass'n v. Hirsch,* 274 Md. 368, 374 (1975), *cert. denied,* 422 U.S. 1012 (1975); *Davidson v. Katz,* 254 Md. 69, 78 (1969); *Pressley v. Warden,* 242 Md. 405, 406-407 (1966); *Myers v. State,* 218 Md. 49, 51 (1958), *cert. denied,* 359 U.S. 945 (1959); *Suttleman v. Bd. of Liq. Lic. Com'rs.,* 209 Md. 134, 140 (1956); *Snyder v. Cearfoss,* 186 Md. 360 (1946). These cases were discussed by Judge Smith in *Resetar v. State Bd. of Education,* 284 Md. 537 (1979), while giving similar consideration to a county board of education mandate upon itself.

> "The Board shall ... render a decision ... within thirty (30) days. ..."

The thread apparent in each of these cases which continue to digress from the contemporary trend, is that the directory duty imposed is on the "arbiter of the controversy" as opposed to the adversary. *In Re: James S., supra* at 708.

Before addressing the facts in the case before us there is another noteworthy digression from the inflexibility of the presumption that "shall" is mandatory, which relates to the role of the Court of Appeals as overseer of the legal profession. In *Maryland St. Bar Ass'n v. Frank, supra,* the Court of Appeals was concerned with Md. Code, Art. 10, §§ 12 and 13, establishing maximum and minimum limits

---

1. Hicks then reversed the Court of Appeals' former adoption of our interpretation in Young and expressly overruled that case. 285 Md. at 334.

for prosecutorial hearing disbarment proceedings. Although the Court referred to the legislative failure to provide a penalty, it noted that:

> "Of more importance, it is clear that the broad policy of the law regulating conduct of attorneys authorized to practice law in this State is designed for the protection of the public, *Maryland St. Bar Ass'n v. Agnew,* 271 Md. 543, 549, 318 A.2d 811 (1974), and that purpose would be largely vitiated if respondent's restrictive interpretation were to prevail." 272 Md. at 533.

Notwithstanding the purposeful movement of the Court of Appeals toward holding the statutory use of "shall" as mandatory — despite the absence of a penalty provision — two instances thus will seemingly stem the tide:

1. When "shall" is used in an unsanctioned statute directed toward an arbiter's time limitations for opining, and,
2. When the broad underlying policy of the law regulating conduct of an officer of the court is for the public protection.

—the case—

The case at bar involved the dismissal procedure of a tenured public employee. When the Maryland Commission on Human Relations filed charges against Gloria A. Pope on October 13, 1976, Md. Code, Art. 64A, § 33 [2] provided that

---

**2.** Prior to its amendment in 1978, Art. 64A, § 33 stated in pertinent part:

> "No employee who has completed his probation may be permanently removed from the classified service except for cause, upon written charges and after an opportunity to be heard in his own defense. Such charges may be filed by the appointing authority or by any citizen, provided, however, that no such charges may be filed by a citizen, without the consent of the appointing authority or of the Secretary, and such charge shall within ninety days after filing, be heard, investigated and determined by the Secretary or by some person or board appointed by the Secretary to hear, investigate and determine the same."

a tenured State employee may be removed for cause only upon the filing of charges with the Secretary of Personnel by the appointing authority. The Secretary was then given ninety days within which the case was to be heard, investigated and determined.

Ms. Pope's hearing was scheduled for December 9, 1976, but was postponed due to her illness. Subsequent hearings were set for February 2, 1977, March 7, 1977, and August 2, 1977, but were postponed without objection due to scheduling conflicts of appellant's attorney, who is a legislator, or the attorney for the agency.[3] Ms. Pope's hearing was finally convened on February 14, 1977,[4] but was again postponed and was not resumed until April 28 and 29, 1977, after the 1977 legislative session. It concluded on August 19, 1977. The Secretary of Personnel did not render his order until November 3, 1977. His order supported the dismissal of Ms. Pope for incompetency or inefficiency in the performance of her duty.

—the issue—

The single question raised on appeal here is academically beguiling:

"Is the time requirement for a hearing for removal from employment set forth in Article 64A, Section 33 mandatory or directory?";

practically however, it has but little substance. Even if the provision in then Art. 64A, § 33 were mandatory, we find that appellant's postponements effected a waiver of the statutory provision, *State v. Hicks, supra* at 335. Surely, if even constitutional rights may be waived, *e.g., Maness v. Meyers,* 419 U.S. 449, 466 (1975) (Fifth Amendment privilege against self incrimination can be waived affirmatively.); *Barker v. Wingo,* 407 U.S. 514, 522 (1972)

---

3. We note that the General Assembly was in session during the months of January, February and March of 1977, and that attorney-legislators have a right to postpone any case while so convened. Md. Code, Cts. & Jud. Art., § 6-402 (a).

4. The legislature did not convene on that day until 8:00 p.m.

(Sixth Amendment right to a speedy trial can be waived.); *Singer v. United States,* 380 U.S. 24, 34 (1965) (One charged with serious federal crime may waive constitutional right to jury trial.), statutory ones can be also.[5] *State v. Hicks, supra* at 335.

Even assuming waiver, in light of the protracted period taken to terminate Ms. Pope's employment, we will answer the question as it was asked and hold alternatively that the 90-day provision was directory, not mandatory. We so conclude because the role of the Secretary in this instance is primarily that of an arbiter despite that upon this appeal he is made a titular litigant. It is his judgment that has been appealed. Beyond that, his supervisory role over the classified employees of the State may be equated to that role exercised by the Court of Appeals over lawyers of the State. While he, like the courts, owes a duty of fairness to the litigant he supervises, "the broad policy of the law regulating [public employees] in this State is designed for the protection of the public, . . . and that purpose would be largely vitiated if [appellant's] restrictive interpretation were to prevail." *Cf. Frank, supra* at 533.

We further note significantly the absence of a sanction in the statute. Were we to have held this delay to be a pre-judicial violation of a mandatory limitation, appellant does not suggest to us either a remedy or a sanction, and, indeed, none of a judicial nature occur to us. We were not asked to reverse the Secretary's factual finding that Ms. Pope was incompetent, and thus we could hardly do so; nor could we reinstate an incompetent employee at public expense to punish administrative neglect. A practical, if not judicial, solution might have been to provide that she be paid her salary for the period from when the opinion should have been rendered until it was rendered, perhaps — letting the punishment fit the crime — with a proportionate reduction in the Secretary's salary. But that is not a solution open to the court. The absurdity of the alternative sanction and the

---

5. We do not subscribe to the comment of appellee, however, that State Employee Personnel Regulation .06.01.01.49 could obviate a legislative mandate, if such it were, through the Department's regulatory authority.

absence of a more reasonable solution enforces our view that the provision was intended as directory by the Legislature, not only because it specified no meaningful sanction but also because none was readily apparent as was observed in the *In Re: James S.* case by comparison with limitations statutes. 286 Md. at 713.

We caution, however, that Art. 64A, § 33 was amended in 1978 providing the Secretary an additional 45 days in which to render such opinion.

> ". . . The Secretary of Personnel shall render this decision within 45 days after a hearing is held before him or his authorized representative or within 45 days after all legal memoranda or briefs have been filed."

Our opinion in this case must not be construed as deciding whether the statute *as amended* is mandatory or directory. The possibility exists that the Legislature recognized the limitations of its prior time limits under the directory provisions and by extending those limits intended to mandate compliance. There is equally likely the possibility that even if the provision is mandatory *for the Secretary,* reinstatement would not be an appropriate sanction. See *State v. Hicks, supra* at 335, on motion for reconsideration regarding the 30-day requirement of Rule 746 that a trial date be set within 30 days.

Our singular holding in this case is that the provision in Art. 64A, § 33, prior to July 1, 1978, directing the Secretary of the Department of Personnel to investigate, hear and determine charges within 90 days was directory and even as such, was waived by appellant.

*Judgment affirmed.*
*Costs to be paid by appellant.*