682 A.2d 1190

**G & M ROSS ENTERPRISES, INC. t/a the Beverage Shop**

v.

**BOARD OF LICENSE COMMISSIONERS OF HOWARD COUNTY, MARYLAND.**

**No. 2036, Sept. Term, 1995.**

Court of Special Appeals of Maryland.

Sept. 27, 1996.

Timothy Guy Smith, Woodbine, for appellant.

Ruth Newman Fahmeier, Senior Assistant County Solicitor (Barbara M. Cook, Howard County Solicitor, on the brief), Ellicott City, for appellee.

Argued before WENNER, CATHELL and EYLER, JJ.

WENNER, Judge.

G & M Ross Enterprises, Inc. (Ross) appeals from a judgment of the Circuit Court for Howard County affirming the

decision of the Board of License Commissioners of Howard County (Board). On appeal, Ross presents us with but one question: whether the circuit court erred in interpreting Rule 6.12 of the Board's rules and regulations.

Finding no error, we shall affirm the judgment of the circuit court.

## FACTS

This appeal springs from the Board's suspension of Ross' license [1] for selling alcoholic beverages to a minor. We believe a brief review of the relevant procedural history of this case will be helpful. On 15 April 1994, Ross was charged with selling alcoholic beverages to one Tom Leper, a cadet with the Howard County Police Department, who was under 21 years of age. Following a hearing on 16 September 1994, the Board issued its Decision and Order on 5 December, suspending Ross' license for three days in January of 1995.

Ross then sought judicial review of the Board's decision, and stay of enforcing the Board's decision. Stay was granted pending judicial review of the Board's decision. According to Ross, the Board violated its own rules and regulations in failing to issue a decision within thirty days of the hearing. In any event, the circuit court issued a Memorandum and Order affirming the Board's decision, and this appeal followed.

## DISCUSSION

Ross contends that the Board's decision should be reversed because it was not issued within thirty days after the hearing as prescribed by its rules and regulations. Rule 6.12 provides in pertinent part:

Each case shall be decided and the final decision and order shall be issued no later than 30 days after the end of the hearing. The Board may, however, upon its own motion,

---

1. Ross has held a Class A Beer, Wine, Liquor, 7–day all sale license, for three years prior to these proceedings.

extend the time of decision or time and order for a period not exceeding 90 days from the end of the hearing date.

Since the terminology used in establishing the time for issuing the Board's decision includes the term "shall", Ross contends that the provision is mandatory. Consequently, Ross asserts that, as the Board failed to comply with its rules and regulations, its decision should be reversed. We disagree.

■ We begin by observing that we are aware of the *Accardi* doctrine set forth in *U.S. ex. rel. Accardi v. Shaughnessy*, 347 U.S. 260, 74 S.Ct. 499, 98 L.Ed. 681 (1954). As we opined in *Bd. of Education of Anne Arundel County v. Barbano*, 45 Md.App. 27, 41, 411 A.2d 124 (1980):

> An agency of the government must scrupulously observe rules, regulations, or procedures which it has established. When it fails to do so, its action cannot stand and courts will strike it down.

*Id.*, quoting *U.S. v. Heffner*, 420 F.2d 809, 811 (4th Cir.1969).

■ We are equally aware that in Maryland use of the word "shall" is ordinarily presumed to be mandatory, *Pope v. Secretary of Personnel*, 46 Md.App. 716, 420 A.2d 1017 (1980), cert. denied, 289 Md. 739 (1981), although use of the word "shall" is, on occasion, "interpreted as directory and not mandatory." *Id.* at 718, 420 A.2d 1017. In endeavoring to ascertain the intent of the legislature in using the word "shall", we begin by considering the absence of a sanction in the statute. *Maryland State Bar Ass'n. v. Frank*, 272 Md. 528, 533, 325 A.2d 718 (1974). As we said in *Pope*, "... one of the contextual factors relied upon, 'though not controlling,' to hold the use of "shall" directory is when a statute provides no penalty for failure to act within a prescribed time." *Pope*, 46 Md.App. at 717, 420 A.2d 1017.

"Notwithstanding the purposeful movement of the Court of Appeals toward holding the statutory use of 'shall' as mandatory—despite the absence of a penalty provision—two instances thus will seemingly stem the tide:

1. When 'shall' is used in an unsanctioned statute directed toward an arbiter's time limitations for opining, and,

2. When the broad underlying policy of the law regulating conduct of an officer of the court is for the public protection."

*Id.* at 719, 420 A.2d 1017.

Under such circumstances, the word "shall" has been interpreted as merely directory, notwithstanding its traditional statutory meaning. *Id.* We shall focus on the first of these two instances.

■ An attempt to understand and apply the exceptions to doctrine is often challenging. Fortunately, however, there appears to be reasonable continuity in the line of cases dealing with interpretation of the word "shall" directed toward an arbiter's time constraints for issuing a decision. It is well-settled in Maryland that the use of the word "shall" in Article IV, Section 15 of the Maryland Constitution's admonition that the Court of Appeals "shall" file its opinions within three months of hearing argument is merely directory. *McCalls Ferry Power Co. v. Price*, 108 Md. 96, 113, 69 A. 832 (1908). A provision similarly admonishing the State's circuit courts is also directory. *Maryland State Bar Ass'n v. Hirsch*, 274 Md. 368, 374, 335 A.2d 108 (1975); cert. denied, 422 U.S. 1012, 95 S.Ct. 2638, 45 L.Ed.2d 676 (1975).

We believe *Pope* to be of particular relevance here, however, as the procedure [2] being interpreted in *Pope* also governed an administrative agency. Notwithstanding the dissimilarity of the arbiters in *Pope*, the *Pope* court found *McCalls Ferry* and *Hirsch* dispositive in holding the procedure in *Pope* to be directory.

■ A careful reading of these cases leads us to the conclusion that those not interpreting use of the word "shall" as mandatory are those governing an arbiter, whether a court

---

**2.** The procedure at issue in *Pope* was a rule requiring the Secretary of Personnel to investigate, hear and determine charges against a teacher within 90 days.

or an administrative agency. Thus, if a statute governs the actions of an arbiter, its use of the word "shall" will generally be interpreted as directory, rather than mandatory.

Here, Rule 6.12 governs the Board's actions. Its purpose is clearly to encourage the Board expeditiously to render its decisions, although a violation of this directive carries no sanction. Moreover, the absence of a sanction for such an inconsequential error leads us to conclude that Rule 6.12 was intended to be directory rather than mandatory. In other words, we decline appellant's invitation to interpret Rule 6.12's use of the word "shall" as mandatory and reverse the decision of the Board.

As we see it, imposing such a sanction would be adverse to the purpose of creating the Board to protect the public from the consequences of minors indulging in alcoholic beverages. If we were to reverse the Board's decision for violating the provisions of Rule 6.12, we would ultimately be punishing the public, not the Board. It seems to us inappropriate for a miscreant to escape punishment because of the Board's relatively minor procedural error. Consequently, we hold Rule 6.12 to be directory, not mandatory, and affirm the judgment of the circuit court.

**JUDGMENT AFFIRMED. COSTS TO BE PAID BY APPELLANT.**