## MAYOR AND CITY COUNCIL OF BALTIMORE v. JOSEPH C. DEEGAN, Sheriff.

[No. 60, April Term, 1932.]

*Decided June 22nd, 1932.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, DIGGES, PARKE, and SLOAN, JJ.

*Morris A. Baker, Assistant City Solicitor,* with whom was *R. E. Lee Marshall, City Solicitor,* on the brief, for the appellant.

*William L. Henderson, Assistant Attorney General,* with whom was *William Preston Lane, Jr., Attorney General,* on the brief, for the appellee.

ADKINS, J., delivered the opinion of the Court.

The question in this case is whether Chapter 37 of the Acts of 1931 relating to the disposition of fines and forfeitures repealed section 438 of the City Charter.

The suit was by the city to recover from the sheriff of Baltimore City all the fines, penalties, and forfeitures accruing in the criminal courts of said city, collected by him during the month of February, 1932. It appears from an agreed statement of facts that the sheriff recovered during said month the sum of $1,375.35, of which sum 35 cents was fines for violation of city ordinances, leaving a balance of $1,375. The contention of the city was and is that the city is entitled to all of this sum except (1) $25 for violation of the automobile law, which law makes a specific direction as to the disposition of the fine, and (2) $264, properly deducted by the sheriff for his appearance fees. The court found that the city was entitled to one half the balance left after deducting these amounts, and judgment was accordingly entered for $543, plus the 35 cents, fines for violation of city ordinances. The appeal is from that judgment.

By section 38 of article 87 of the Code it is provided that: "The sheriff shall be answerable for all fines, penalties and forfeitures imposed on the inhabitants of his county or of Baltimore City by any court of record of this State, unless he can show that the party on whom the same has been imposed is insolvent."

Section 42 of article 87 provides that: "All fines, forfeitures, penalties and costs imposed as aforesaid are to be paid to the sheriff, who shall pay the same, except the costs, to the treasurer on or before the tenth of November in each year, and the costs to the person entitled to receive them; provided when any person is entitled to any part of a fine, forfeiture or penalty as informer or otherwise the same shall be paid by said sheriff to such person."

Section 2 of article 38, prior to chapter 37 of the Acts of 1931, provided that: "All fines, penalties and forfeitures, when recovered, shall be paid to the county or city where the same may be imposed unless directed to be paid otherwise by the law imposing them, but if there be an informer he shall have half unless otherwise provided. This section not to apply to fines or forfeitures for offenses at common law."

Section 4 of article 38, prior to chapter 225 of the Acts of 1931, provided that half of these fines and forfeitures should go, in the counties, to the clerks, to be expended under the direction of the judges of the respective courts for the augmentation of the libraries of said courts, and in Baltimore City to the Library Company of the Baltimore Bar, said sum not to exceed $3,000; and this section not to apply to certain excepted counties. By the Act of 1931, ch. 225, this section was amended, increasing to $7,500 the limit as to the Bar Library Company.

Section 438 of the Baltimore City Charter (Code Pub. Loc. Laws 1930, art. 4, sec. 438), provides that: "One-half of all fines adjudged by and accruing in the Criminal Court of Baltimore, when secured by the sheriff of Baltimore City, shall be paid to the Mayor and City Council of Baltimore, and out of said fines the judge of said court may order and direct to be paid to the State's Attorney of said city such additional fees in cases of extraordinary duration and trouble, as he may deem just and reasonable, but this section shall not have any effect upon the rights of informers."

In *State v. Green*, 120 Md. 681, 87 A. 1101, all the above statutes being then in the Code, this court held that, in the absence of claims by informers, half of all fines and forfeitures were payable to Baltimore City and half to the State.

Chapter 37 of the Acts of 1931 is as follows:

"An Act to repeal and re-enact, with amendments, Section 2 of Article 38 of the Annotated Code of Maryland (1924 Edition), title 'Fines and Forfeitures,' and to add one new section to said Article 38, the said new section to be numbered Section 2A, and to follow immediately after

Section 2 of said Article, so as to prohibit the payment of informer's fees.

"Section 1. Be it enacted by the General Assembly of Maryland, That Section 2 of Article 38 of the Annotated Code of Maryland (1924 Edition), title 'Fines and Forfeitures,' be and the same is hereby repealed and re-enacted, with amendments, to read as follows:

"2. All fines, penalties and forfeitures, when recovered, shall be paid to the county or city where the same may be imposed unless directed to be paid otherwise by the law imposing them. This section not to apply to fines or forfeitures for offenses at common law.

"Sec. 2. And be it further enacted, That a new section be and it is hereby added to said Article 38, said new section to be numbered Section 2A, to follow immediately after Section 2 of said Article, and to read as follows:

"2A. No portion of any fine, penalty or forfeiture shall be paid to any informer.

"Sec. 3. And be it further enacted, That all general or local laws inconsistent or in conflict with this Act be and the same are hereby repealed to the extent of such conflict or inconsistency.

"Sec. 4. And be it further enacted, That this Act shall take effect June 1, 1931.

"Approved April 6, 1931."

It will be seen that the only change made in the section repealed and re-enacted is the elimination of the provision for the payment of informers and the addition of a new section affirmatively forbidding such payment.

Prior to February 1st, 1932, under the advice of the Attorney General, the sheriff of Baltimore City made no change in the manner of disposing of fines and forfeitures after the Act of 1931, except that he paid the whole net amount collected to the city and State, reserving nothing for informers. That practice is now challenged. It is ably argued on behalf of the appellant that the Act of 1931 is without ambiguity, and that there is no room for construction; that section 438

of the City Charter is clearly inconsistent with the later act, and therefore is repealed by the express terms of the act. The argument is persuasive. It is undoubtedly a well-established rule of law that, where the language of a statute is clear and unambiguous, it must be construed to mean what it says. *Alexander v. Worthington,* 5 Md. 471; *Clark v. Baltimore,* 29 Md. 281; *Maryland Agricultural College v. Atkinson,* 102 Md. 560, 62 A. 1035; *Williams v. State,* 144 Md. 18, 123 A. 457.

It is equally true that the entire statute, including its title, must be read together in determining its meaning and the legislative intent.

Now the only purpose mentioned in the title, in connection with the repeal and the re-enactment with amendment, is, "so as to prohibit the payment of informer's fees." The enacting clauses following do no more than carry out that purpose. The section repealed is re-enacted exactly as it was before, omitting only the words, "but if there be an informer he shall have half unless otherwise provided." And the new section simply provides that "no portion of any fine, penalty or forfeiture shall be paid to any informer." Indeed it is at least doubtful whether the act would not be open to constitutional objection under article 3, section 29 of the Constitution, if it were necessary to give it the construction contended for by appellant. One of the essentials of a good title to a statute is that it shall not be misleading. *Painter v. Mattfeldt,* 119 Md. 466, 474, 87 A. 413; *State v. King,* 124 Md. 491, 498, 92 A. 1041; *Weber v. Probey,* 125 Md. 544, 552, 94 A. 162.

In reading the title to the bill which became chapter 37 of the Acts of 1931, no legislator could have understood that the bill was intended to change the practice which had existed in Baltimore City for eighteen years in the matter of dividing fines between the city and State, and to divert from the State revenue it had been so long receiving. If it had been the purpose of the Legislature to effect that result, it would have been most natural to add a line at the end of the title announcing that purpose. Answering the argument of appel-

lant that section 3 was superfluous if the Legislature intended only to abolish informers' fees, it may be said that section was important because the provision for informers' fees was contained in at least two other statutes then in the Code, viz., section 42 of article 87 of the Code, and section 438 of Baltimore City Charter. And section 42 of article 87 of the Code is also inconsistent in so far as it requires all fines, etc., to be paid to the State. As to the effect of the substantial reenactment by a repealing statute of a previous law, in reference to the presumed adoption by the Legislature in such reenactment of a previous judicial construction, see *Heald v. District of Columbia*, 254 U. S. 20, 41 S. Ct. 42, 65 L. Ed. 106; 25 *R. C. L.*, p. 935; and, as to uninterrupted operation, *Swan v. Kemp*, 97 Md. 686, 691, 55 A. 441; *Dashiell v. Baltimore*, 45 Md. 615, 624.

Our conclusion is that section 438 of the Baltimore City Charter has not been repealed, and that the judgment appealed from must be affirmed.

*Judgment affirmed, with costs.*