# ELIZABETH V HYATT *v.* WILLIAM TAYLOR HYATT

|No. 1145, September Term, 1982.|

*Decided November 8, 1982.*

The cause was argued before MORTON, GARRITY and ADKINS, JJ.

*Joseph J. Trepel,* with whom were *Hannon & Trepel* on the brief, for appellant.

ADKINS, J., delivered the opinion of the Court.

On September 21, 1982, Elizabeth V. Hyatt (appellant) filed a bill of complaint for divorce against her husband, William Taylor Hyatt (appellee). In a verified motion for ex parte injunction and other relief filed simultaneously, she alleged that the "only tangible personal asset of any real size known to the Plaintiff [appellant] is the Defendant's [appellee's] right to a lump sum payment of approximately" $20,000 to which appellee is entitled under a civil service pension. She further alleged that appellee had applied for payment of this lump sum; that he had told her that he would receive payment within 30 days; and that he had said he would not give her any part of that money for support. She asked that the trial court enjoin her husband from taking possession of the lump sum pension payment, that the federal authorities be enjoined from making any such payment to her husband, and instead, that the Office of Personnel Management be directed to make the payment to the clerk of the circuit court.[1]

On September 23, the Circuit Court for Montgomery County (Rosalyn B. Bell, J.) signed an order enjoining William Taylor Hyatt "from taking possession of any monies due to him from the United States Post Office" but declined to direct the post office authorities or the Office of Personnel Management "to pay any monies due to [appellee] to" the clerk of the circuit court.

From this interlocutory order refusing to grant a mandatory injunction requiring deposit of the pension fund with the clerk of court, appellant appealed; Courts and Judicial Proceedings Article § 12-303 (c) (3). We rejected her motion for summary reversal, but granted her motion that the appeal be advanced on the docket of this court, and we set the case

---

1. Neither the Office of Personnel Management nor any other federal agency was joined as a party defendant. The necessity for such joinder was not raised or decided below, and in view of the disposition we make of this case, it need not be decided now; Md. Rule 1085. We intimate no opinion on this issue.

for argument on October 7. We now affirm Judge Bell's order.

The basis for appellant's motion for an ex parte injunction requiring the postal service, or the Office of Personnel Management to deposit appellee's lump sum civil service pension payment with the clerk of the circuit court is found in 5 U.S.C. § 8345 (j), which provides:

(1) Payment under this subchapter [5 U.S.C. §§ 8331 and following] which would otherwise be made to an employee, Member, or annuitant based upon his service shall be paid (in whole or in part) by the Office [of Personnel Management] to another person if and to the extent expressly provided for in the terms of any court decree of divorce, annulment, or legal separation, or the term of any court order or court-approved property settlement agreement incident to any court decree of divorce, annulment, or legal separation. Any payment under this paragraph to a person bars recovery by any other person.

(2) Paragraph (1) shall only apply to payments made by the Office under this subchapter after the date of receipt in the Office of written notice of such decree, order, or agreement, and such additional information and documentation as the Office may prescribe.

(3) As used in this subsection, "court" means any court of any State or the District of Columbia.

This statute was enacted in 1978 as Public Law 95-366, which was introduced as HR 8771. It was intended to modify prior law, which as a general rule exempted payments under the Civil Service Retirement System from attachment, garnishment, or other legal process; see *Buchanan v. Alexander*, 45 U.S. (4 How.) 20 (1846); 1978 *U.S. Code Cong. & Adm. News*, p. 1379.

According to Senate Report No. 95-1084:

approximately 4 million individuals rely on the

civil service retirement system for retirement benefits. However, the retirement system fails to provide economic protection to the former spouse of a Federal employee. Such a failure in many cases, leaves the dependent spouse with no direct retirement benefits despite many years of working without compensation, managing a home, raising children, and contributing time and effort to the joint marital enterprise.

\* \* \* \*

In recent years, many State courts have ruled that future retirement benefits earned during a marriage should be considered an asset of the marriage to be apportioned in the event of a legal separation, divorce, or annulment. HR 8771 will authorize the Civil Service Commission [now the Office of Personnel Management] to recognize such court rulings and comply with court determinations.

In the committee's view, the enactment of legislation which permits Federal cooperation with State law and court orders is clearly needed. The committee shares the opinion of the Civil Service Commission that HR 8771 is the proper approach to the problem of benefit for former spouses. *Id.* at 1380.

Appellant argues that this remedial legislation should be liberally construed to effectuate its beneficent purposes, and that if the statute be so construed, the circuit court should have issued the requested injunction to protect her interest in the lump sum pension payment (marital property subject to a monetary award under § 3-6A-05 of the Courts and Judicial Proceedings Article, *Deering v. Deering,* 292 Md. 115, 437 A.2d 883 (1981). *Ohm v. Ohm,* 49 Md. App. 392, 431 A.2d 1371 (1981)) pending ultimate determination of the divorce proceeding.

We agree that 5 U.S.C. § 8345 (j) is remedial legislation that is intended to protect the spouses of federal employees with respect to their interests in pension benefits, and that

as a general rule remedial statutes should be liberally construed to effectuate their purposes, *Keesling v. State,* 288 Md. 579, 589, 420 A.2d 261, 266 (1980). But the doctrine of liberal construction does not permit us to redraft a clearly-written statute, the language of which makes a limited legislative intent apparent. *Dorsey v. Beads,* 288 Md. 161, 172, 416 A.2d 739, 745 (1980). Moreover, this particular statute is in derogation of the common law sovereign immunity of the United States, *Buchanan v. Alexander, supra,* and a statute in derogation of the common law or sovereignty is to be construed strictly, despite its remedial aspects. 3 A. Sutherland, *Statutes and Statutory Construction,* §§ 61.01-.06, 62.01-.04, (C. Sands, 4th ed. 1974), *see Bradshaw v. Prince George's County,* 284 Md. 294, 302, 396 A.2d 255, 260 (1979), *but cf. James v. Prince George's County,* 288 Md. 315, 335, 418 A.2d 1173, 1184 (1980). When the proper rules of construction are applied, appellant may not invoke this federal statute at this stage of the state proceedings.

The statute amounts to a *pro tanto* waiver of the sovereign immunity of the United States. If its benefits are to be claimed, this must be done within its own terms; we are not dealing here with inherent or common law powers that may otherwise be exercised by a trial court of general jurisdiction. The statute permits a state court to direct payment of federal pension benefits to a person other than the federal employee in either one of two ways:

1. By express provision "in the terms of any court decree of divorce, annulment, or legal separation or"

2. By express provision in "any court order or court-approved property settlement agreement *incident to any court decree of divorce, annulment, or legal separation* [emphasis supplied]."

Clearly, in this just-commenced domestic case, there is not yet any "decree of divorce, annulment, or legal separation". Thus, the question is whether an order for an injunction requiring the Office of Personnel Management to pay over lump sum pension benefits to the clerk of the circuit court is

a "court order . . . incident to any decree of divorce. . . ." We think it is not.

For something to be "incident to" something else, it must depend upon or appertain or relate to the other thing; see, *e.g. Webster's Third New International Dictionary* (Unabridged 1976), which at p. 1142 includes the following definitions of "incident": "something dependent upon, appertaining or subordinate to, or accompanying something else of greater or principal importance; [the example given being "an alimony agreement may be an [incident] of a divorce proceeding"]; . . . something arising from or resulting from something else of greater or principal importance". This means that "the something else of greater or paramount importance" must be in existence. A court order providing for payment of appellee's lump sum pension benefits to the clerk of the circuit court cannot be incident to a divorce decree which is non-existent and which may never be existent.

While we have been unable to discover any cases construing this particular aspect of 5 U.S.C. § 8345 (j),[2] cases have addressed themselves to the meaning of the phrase "incident to". For example in *Schlecht v. Schlecht,* 387 A.2d 575 (D.C. App. 1978) the issue was whether an alimony decree had been entered "incident to the divorce." The court concluded that "[a]limony awarded in a decree *subsequent* [emphasis added] to the divorce decree is deemed . . . to have been entered *incident to the divorce.*" 387 A.2d at 578, [emphasis in original, other citations omitted].

And in *Smith v. Commissioner of Internal Revenue,* 192 F.2d 841 (1st Cir. 1951) the court had before it the question of whether a property settlement agreement signed after a divorce decree could be "incident to" that decree for purposes of the then provisions of 26 U.S.C. § 26 (k) which had to do with the circumstances under which alimony would be taxed

---

2. The statute has been before courts in Hawaii and Nebraska, but on issues not relevant to the case at bar. Nevertheless, it is noteworthy that in both the Hawaii and Nebraska cases, decrees of divorce had in fact been entered. Green v. Green, 623 P.2d 890 (Haw. App. 1981); Witcig v. Witcig, 292 N.W.2d 788 (Neb. 1980).

as income to the wife and deductible by the husband. The court held that such an agreement was "incident to" the divorce decree, but only because there was an existing decree, and the agreement as to alimony had been entered into for reasons directly involving settlement of an arrearage of alimony which had accrued under the earlier decree. In other words, the agreement in that case was related to or dependent upon the previous divorce decree.

Here we have no decree of "divorce, annulment, or legal separation" to which the order sought by appellant could be incident. If Congress had provided for protection of a federal employee's spouse's interests in the employee's pension payments by "any court order entered in a proceeding for divorce, annulment, or legal separation" appellant might have had a basis for her claim. That sort of language would also seem to be quite consistent with the remedial purposes of the legislation at issue here. But, unfortunately, that is not the language Congress chose to use.

Indeed, it appears that Congress deliberately rejected the use of such broad language. Among the legislative history of what is now 5 U.S.C. § 8345 (j) is a letter from the Deputy Comptroller of the United States to the Chairman of the Senate Committee that was then handling HR 8771. The Deputy Comptroller recognized that "HR 8771 requires a court decree before any portion of an annuity can become payable to another individual. . . ." He suggested that the "committee may wish to consider expanding HR 8771 to cover voluntary assignments that [have] been entered into . . . prior to the formal adoption of the agreement by a court." 1978 *U.S. Code Cong. & Adm. News* at 1384-1385. This suggestion was not adopted. The Senate Committee made this clear in its section-by-section analysis of the bill, when it stated that "the former ["former" because after entry of a divorce decree] spouse will be entitled to a portion of an individual's retirement benefit only to the extent provided for by the decree. . . ." *Id.* at 1381.

What Congress said, then, as we read it, was that a "court decree of divorce, annulment, or legal separation" must either by its own terms provide for payment of the

employee's pension benefits to another person or must exist as a condition precedent to any other court order by its terms so providing. To whatever extent it might be desirable to rewrite the statutory language, we cannot amend its clear provisions under the guise of construction, *Dorsey v. Beads, supra, cf. Davis v. State,* 294 Md. 370, 378 (1982).

> *Judgment affirmed.*
> *Costs to be paid by appellant.*