476 A.2d 1170

**Pearl TRANEN, et vir.**

v.

**Barbara S. AZIZ, et al.**

**No. 307, Sept. Term, 1984.**

Court of Special Appeals of Maryland.

July 11, 1984.

Nancy E. Paige, Baltimore, with whom were Donald N. Rothman, Lawrence S. Greenwald and Gordon, Feinblatt, Rothman, Hoffberger & Hollander, Baltimore, on the brief, for appellants.

John F. King, Baltimore, with whom were Jeanette A. Plante, Anderson, Coe & King, Baltimore, Mark D. Siegel and Michaels & Wishner, Washington, D.C., on the brief, for appellees.

Argued Before LISS and BISHOP, JJ., and CHARLES E. ORTH, Jr., Associate Judge of the Court of Appeals (retired), Specially Assigned.

BISHOP, Judge.

Mr. and Mrs. Irving N. Tranen appeal an order of the Circuit Court for Howard County, which dismissed their medical malpractice suit against the appellee health care providers, Barbara S. Aziz, M.D. Columbia Medical Plan, Inc., and Patuxent Medical Group, P.A.

### Facts

The parties agree to the accuracy of the following case history. Appellants filed a claim against appellees in the Health Claims Arbitration Office alleging negligent diagnosis of breast cancer in appellant Mrs. Tranen. The arbitration panel made its award in favor of appellee health care providers on September 14, 1983. Appellants' counsel received official notice of this award on October 3, 1983.

Eleven days later, on October 14, appellants filed a declaration against appellees in the Circuit Court for Howard County. It did not explicitly ask to nullify the arbitration award, but alleged the same acts of negligence as in appellants' claim before the Health Claims Arbitration Office. Copies of this declaration were made available to appellees' counsel. On November 9, 1983, thirty-six days after receiving official notice of the Office's decision, appellants filed their declaration with the Director of the Health Claims Arbitration Office.

Later that November, appellees filed motions in the Howard County Circuit Court raising preliminary objections that the appellants had failed to comply with section 3–2A–06 of the Courts article and Maryland Rule BY 2. Appellees maintained that the statute and rule allowed appellants 30 days after receipt of the award to file a notice of rejection of award with the Director of the Health Claims Arbitration Office and a notice of their action to nullify with the clerk of the circuit court. Even though the appellants had filed

the declaration on time, appellees moved to dismiss on grounds that the other papers were not filed in a timely manner.

On about December 8, 1983, sixty-six days after receiving official notice of the award, appellants filed an amended declaration, which explicitly sought to nullify the arbitration award, as well as sue the appellees, and also filed a document entitled "Notice of Action" with the clerk of the Howard County Circuit Court. Appellees filed a motion Ne Recipiatur. Appellants' papers were served on the Director of the Health Claims Arbitration Office on January 27, 1984. The court (Nissel, J.) held a hearing that day, and later issued a memorandum and order dismissing appellants' suit for failure to comply with the statute and rule. Because the court dismissed the action, it deemed the motion Ne Recipiatur moot.

Appellants ask:

1. Did the lower court err in dismissing the Tranens' declaration for failure to timely serve notice of rejection of the arbitration award upon the Director of the Health Claims Arbitration Office?

a. Did the lower court err in holding that service of notice upon the Director is a statutory prerequisite to filing an action in court?

b. Did the lower court err in holding that dismissal was the proper sanction for failure to serve timely notice of rejection on the Director?

2. Did the lower court err in dismissing the Tranens' declaration for failure to comply with Rule BY 2?

We must accordingly decide what the statute and rule require, and what sanctions attend their violations.

*Discussion*

Section 3–2A–06 of the Courts article, which governs judicial review of health claims arbitration provides, in pertinent part:

"(a) *Rejection of award.*—A party may reject an award for any reason. A notice of rejection *must* be filed with the Director and the arbitration panel and served on the other parties or their counsel within 30 days after the award is served upon the rejecting party....

(b) *Action to nullify award.* At or before the time specified in subsection (a) for filing and serving a notice of rejection, the party rejecting the award shall file an action in court to nullify the award and shall file a copy of the action with the Director. Failure to file this action timely in court shall constitute a withdrawal of the notice of rejection. [T]he procedures applicable to the action including the form and necessary allegations in the initial pleading shall be governed by the Maryland Rules." (Emphasis supplied)

Md.Cts. & Jud.Proc.Code Ann. (1984 repl.vol.). *See generally Attorney General v. Johnson,* 282 Md. 274, 385 A.2d 57 (1978).

The rules to which the statute refers are set forth in Chapter 1100, subtitle BY, which governs actions to nullify arbitration awards. At all times pertinent to this case, Rule BY 2 a provided:

"Filing of Notice—Content.

An action to nullify an award rendered by an arbitration panel determining a health care malpractice claim shall be commenced by filing notice of the action with the clerk of a court within 90 days after the award is served upon the party rejecting the award."

This rule, which took effect along with the rest of the subtitle on January 1, 1979, conformed to section 3–2A–06(b) as originally enacted. 1976 Md. Laws, ch. 235. In 1981 the statute was amended to reduce the time for filing the nullification action from 90 to 30 days. 1981 Md. Laws, ch. 588. To establish consistency with this statutory change, the Court of Appeals adopted an emergency rule change on February 17, 1984, requiring that a notice of action to nullify be filed with the clerk of court within 30

days of receiving the arbitration award. 11 Md. Register 447 (3/2/84).

In the interim before the rule was rewritten, the statutory change superseded the rule. Md. Const. Art. IV, § 18. *Funger v. Mayor of Somerset*, 244 Md. 141, 150, 223 A.2d 168 (1966). Both the statute and the rule relate to the same subject: an action to nullify an arbitral award. The statute explicitly refers to the rules. The applicable rule provides that such an action "shall be *commenced* by filing notice of the action with the clerk of a court...." (Emphasis added.) If the action must be brought within 30 days, and must be commenced by filing notice with the clerk of court, then the notice must be filed within that 30-day time period.

Taken together, the statute and rules require that within 30 days of receiving the arbitral award, the party rejecting it must file: (a) a notice of rejection with the Director and arbitration panel, and serve copies thereof on the other parties, Md.Cts. & Jud.Proc.Code Ann. § 3–2A–06(a) (1984 repl.vol.); and (b) a notice of action to nullify the arbitration award, filed with the clerk of the appropriate circuit court. Md. Rule BY 2 (a); Md.Cts. & Jud.Proc.Code Ann., § 3–2A–06(b) (1984 repl.vol.).

This notice of action suffices to commence the action to nullify; no additional paper entitled "action to nullify" is required. Copies of the notice shall be filed with the Director and served on all other parties to the arbitration proceeding. Md.Cts. & Jud.Proc.Code Ann., § 3–2A–06(b); (1984 repl.vol.). Md. Rule BY 2(b).

Within 30 days after the filing of the notice of action to nullify, the claimant must file a declaration (now labeled a "complaint" Rule 2–302), suing the health care provider. If the complaint is timely filed, the award is nullified. If the award is in favor of the claimant and he rejects the award and files a notice of action to nullify and thereafter fails to file the complaint within the allotted time, the arbitral award becomes final. If the award is in favor of the claimant and the health care provider rejects the award and

files a notice of action to nullify, and thereafter the claimant fails to file a complaint within the allotted time, the arbitral award is nullified and the case is concluded. If the award is in favor of the health care provider and the claimant rejects the award and files a notice of action to nullifyand thereafter fails to file the declaration within the allotted time, the award becomes final.

█ Appellants did not timely file (a) the notice of rejection or (b) the notice of action to nullify. They maintain, however, that their timely filing of the declaration (complaint) and service of copies on the Director and the other parties, substantially complied with the notice requirements, obviating any harm from their dereliction. Thus, they argue, the court's dismissal is, in effect, an unwarranted elevation of form over substance. Appellees respond that the appellants' failure to comply with the above notice requirements is either a jurisdictional defect, necessitating automatic dismissal, or a sufficient basis for dismissal at the trial court's discretion.

The statute and rule require that the notice of rejection "must" be filed and the notice of action "shall" be filed within the prescribed time period.

The term "shall" is presumed mandatory on the parties, denoting "an imperative obligation inconsistent with the exercise of discretion." *Johnson v. State*, 282 Md. 314, 321, 384 A.2d 709 (1978) *citing Bright v. Unsat. C. & J. Fund Bd.*, 275 Md. 165, 169, 338 A.2d 248 (1975). *Accord In re DeWayne H.*, 290 Md. 401, 404, 430 A.2d 76 (1981); *In re James S.*, 286 Md. 702, 706–08, 410 A.2d 586 (1980) *quoting State v. Hicks*, 285 Md. 310, 334, 403 A.2d 356 (1979); *People's Counsel v. Pub. Serv. Comm'n*, 52 Md.App. 715, 719–20, 451 A.2d 945 (1982).

"Shall" and "must" have been employed synonymously to foreclose discretion. *Resnick v. Board of Elections*, 244 Md. 55, 62, 222 A.2d 385 (1966). The term "must" imposes a positive, absolute duty, *see County Com'rs v. Gibson*, 36 Md. 229, 236–37 (1872), and has been defined as "compul-

sion or obligation" or "requirement or prerequisite." *American Heritage Dictionary*, 865 (1976).

Such terminology need not be construed as mandatory if the context indicates otherwise. *Blumenthal v. Clerk of Cir. Ct.*, 278 Md. 398, 408, 365 A.2d 279 (1976); *Resetar v. State Bd. of Education*, 284 Md. 537, 547, 399 A.2d 225 (1979). In this case, though, the statutory context is consistent with a mandatory interpretation. Section 3–2A–02(a) of the Courts article provides that "An action or suit of that type [medical malpractice] may not be brought or pursued in any court of this state except in accordance with this subtitle." *Quoted in Oxtoby v. McGowan*, 294 Md. 83, 87, 447 A.2d 860 (1982); *Bishop v. Holy Cross Hospital*, 44 Md.App. 688, 690, 410 A.2d 630 (1980). Section 3–2A–09 of that article further provides that:

"The provisions of this subtitle shall be deemed procedural in nature and shall not be construed to create, enlarge, or diminish any cause of action not heretofore existing, *except the defense of failure to comply with the procedures required under this subtitle."* (Emphasis supplied.) *Quoted in Oxtoby v. McGowan, supra,* 294 Md. at 95, 447 A.2d 860.

These sections imply that the notice requirements are mandatory, and that some sanction may be imposed for noncompliance therewith.

The mandatory terminology standing alone, however, does not indicate the sanction to be applied. *In re De-Wayne H., supra,* 290 Md. at 405, 430 A.2d 76. Violations of mandatory terms need not automatically bring about dismissal. *See id.; State v. Hicks, supra,* 285 Md. at 335, 403 A.2d 356; *In re Trevor A.,* 55 Md.App. 491, 497–500, 462 A.2d 1245 (1983) *cert. dismissed,* 299 Md. 428, 474 A.2d 207 (1984). For example, in *People's Counsel v. Public Service Comm'n,* 52 Md.App. 715, 451 A.2d 945 (1982) the People's Counsel was late in filing a memorandum of law in an administrative appeal. We held:

"In some instances, the applicable rules either require or expressly permit an extreme sanction for violation of the procedural requirements which they or other rules establish. *See, for example,* Maryland Rules 835, 1035, B5. In other cases, the rules provide either no specific sanction or offer a range of alternative sanctions, in which event the courts have tended to balance the purpose and importance of the requirement against the circumstances of its violation. *State v. Hicks, supra* was such a case, as was *In Re DeWayne H.,* 290 Md. 401 [430 A.2d 76] (1981)."

*Id.* at 720, 451 A.2d 945. *See* Rule 1–201(a). We ruled that the time period for filing the memorandum was not jurisdictional and, finding no harm done, upheld the lower court's refusal to dismiss. 52 Md.App. at 720–21, 451 A.2d 945.

Similarly, in *Hauver v. Dorsey,* 228 Md. 499, 180 A.2d 475 (1962), despite a party's failure to file a required affidavit, the Court held:

"We see no reason to hold that a procedural requirement, designed to prevent imposition upon the court and require a reasonable effort in good faith to locate and warn the owner, creates a jurisdictional defect in the fundamental sense of preventing the court from dealing with the subject matter and the parties before it." *Id.* at 505, 180 A.2d 475.

■ Appellants suggest that even though they did not file a timely "notice of action", their filing of their declaration within 30 days of receiving notice of the award substantially complied with section 3–2A–06(b) of the Courts article and rule BY 2. They admit that they did not file a timely notice of rejection, required under Section 3–2A–06(a) of the Courts article. They suggest, though, that the statute provides no explicit sanction for this omission. Section 3–2A–06(b) provides that failure to file the nullification action shall constitute a withdrawal of the notice of rejection. Yet the statute does not provide that failure to file

the notice of rejection shall constitute a withdrawal of the nullification action.

They argue that, absent an explicit sanction, the purpose of section 3–2A–06(a) must be balanced against the circumstances of its dismissal. The notice of rejection requirement serves to inform the Director not to file the arbitral award in court for confirmation. Because the Director is not a party, the notice requirement is not necessary to the *de novo* judicial review. In this case, appellants' declaration was filed with the Director on November 9, 1983, six days late, but before he petitioned on March 7, 1984, to have the award confirmed. The late filing thus caused neither prejudice nor inconvenience.

Appellants direct our attention to the Court of Appeals's statement in *State v. Barnes*, 273 Md. 195, 210, 328 A.2d 737 (1974):

"[W]here there has been compliance with the substance of the requirements of statutes or rules by one party and the other party has not been prejudiced, we have held that technical irregularities will not be permitted to deprive persons of an opportunity to assert their legal rights. *See McLay v. Maryland Assemblies, Inc.* [269 Md. 465, 306 A.2d 524 (1973)] *supra; Town of Somerset v. Montgomery County Board of Appeals*, 245 Md. 52, 61, 225 A.2d 294, 299–300 (1966); *Board of County Commissioners v. Kines*, 239 Md. 119, 125, 210 A.2d 367, 370–71 (1965)."

*Accord Border v. Grooms*, 267 Md. 100, 105–07, 297 A.2d 81 (1972).

In this case, however, we do not reach the balancing process described in *People's Counsel v. Public Service Commmssion, supra,* because the statute does provide a sanction for noncompliance with its requirements. Section 3–2A–05(h) of the Courts article provides:

"Subject to § 3–2A–06, the award of the panel shall be final and binding on the parties. After the time for either rejecting or modifying the award has expired the Director

shall file a copy of the award with the Circuit Court having proper venue ... and the court shall confirm the award. Upon confirmation the award shall constitute a final judgment."

Appellants' declaration is not the equivalent of an action to nullify; the action to nullify, which may be brought by either party, is a condition precedent to bringing suit. Appellants have not complied with either subsection (a) or (b) of section 3–2A–06. Section 3–2A–05(h) of the Courts article makes the award final and binding on the parties "subject to § 3–2A–06," implying that all the requirements of the judicial review section must be complied with to bring suit in court. If court suit could be brought despite non-compliance, the arbitral award would not be "final and binding" on the parties, as the statute prescribes.

We hold accordingly that appellants' failure to comply with Section 3–2A–06(a) and (b) of the Courts article mandated dismissal of their suit.

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY APPELLANTS.