484 A.2d 1060

**William MITCHERLING**

v.

**Sebastian A. ROSSELLI, et ux.**

**No. 406, Sept. Term, 1984.**

Court of Special Appeals of Maryland.

Dec. 17, 1984.

Certiorari Granted April 29, 1985.

**114**

James F. Mewborn, Baltimore (Donald L. DeVries, Jr. and Semmes, Bowen & Semmes, Baltimore, on brief), for appellant.

John Amato, IV, Baltimore (John T. Enoch, Daniel E. Liebfeld and Goodman, Meagher & Enoch, Baltimore, on brief), for appellees.

Argued before BISHOP, ALPERT and KARWACKI, JJ.

BISHOP, Judge.

## I.

William Mitcherling, a health care provider, appeals an order of the Circuit Court for Baltimore City which denied the Health Claims Arbitration Director's petition for confirmation of a Health Claims Arbitration Panel award in his favor. The petition was filed pursuant to Md.Cts. & Jud. Proc.Code Ann. § 3–2A–05(h) (1984) which provides:

> Confirmation of award. Subject to § 3–2A–06, the award of the panel shall be final and binding on the parties. After the time for either rejecting or modifying

the award has expired the Director shall file a copy of the award with the circuit court having proper venue, as provided in Title 6, Subtitle 2 of this article and the court shall confirm the award. Upon confirmation the award shall constitute a final judgment.

Appellant contends that the trial court should have granted the petition for confirmation because the claimants, Sebastian and Rita Rosselli, failed to send notice of their rejection of the award to the panel members in compliance with Md.Cts. & Jud.Proc. Code Ann. § 3–2A–06(a) (1984) which provides:

> Rejection of award. A party may reject an award for any reason. A notice of rejection must be filed with the Director and the *arbitration panel* and served on the other parties or their counsel within 30 days after the award is served upon the rejecting party, or, if a timely application for modification or correction has been filed within 10 days after a disposition of the application by the panel, whichever is greater. (Emphasis supplied).

The following facts are not disputed. On July 6, 1983, a health claims arbitration panel found that appellant was not liable to the claimants for malpractice, and entered an award in his favor. The award was filed with the Director of the Health Claims Arbitration Office and copies were forwarded to the parties. The Director also notified the parties that he would file a copy of the award with the Circuit Court for confirmation after the time for rejecting or modifying the award expired.

On August 3, 1983, appellees timely filed a notice of rejection of the arbitration panel's decision with the Director, and sent a copy to appellant's counsel, but they did not send copies to the members of the arbitration panel. Appellees also timely filed an action to nullify the award in the Circuit Court for Baltimore City.

II.

In *Attorney General v. Johnson*, 282 Md. 274, 385 A.2d 57, *appeal dismissed*, 439 U.S. 805, 99 S.Ct. 60, 58 L.Ed.2d

97 (1978), the Court of Appeals outlined the statutory procedure for arbitration of health care malpractice claims.

We have already noted the general thrust of the Act—that medical malpractice claims be submitted to arbitration as a precondition to court action—and we now outline in greater detail the mode envisioned by the statute for the accomplishment of the arbitration process and any subsequent court litigation. All malpractice claims against health care providers seeking damages of more than $5,000 are subject to the provisions of the Act, § 3–2A02(a), and must be initially filed, as must the response to them, with the Health Claims Arbitration Office, § 3–2A04(a), created by the statute "as a unit in the Executive Department." § 3–2A03(a). The office, acting through its director, see § 3–2A03(a), refers all issues raised to a three-member arbitration panel, § 3–2A05(a), chosen at random from lists of qualified persons prepared and maintained by the director, §§ 3–2A03(c) & 3–2A04(b); the panel for each claim is to be composed of an attorney, a health care provider, and a member of the general public. §§ 3–2A03(c) and 3–2A04(d). The arbitration panel determines whether the health care provider is liable to the claimant and if so the extent of the damages, and incorporates in its award an assessment of costs, including arbitrators' fees, § 3–2A05(d) & (e); if no party rejects the award, it becomes final and binding, is filed by the director with the appropriate circuit court, and when confirmed by that court constitutes a final judgment. § 3–2A05(h). Neither party, however, is in any way bound to accept the award; it may be rejected for any reason within ninety days. § 3–2A06(a). If a party desires to contest the decision of the panel, he must file an action in the appropriate court during the ninety-day period[1] to nullify the award, § 3–2A06(b) & (f), and jury trial may be elected by either party. § 3–2A06(b).

---

1. The 90 day provisions were changed to 30 days by 1981 Laws of Md. ch. 588.

Any contention that an award should be vacated on the ground of corruption, fraud, partiality or the like, *see* Md.Code (1974), § 3–224(b)(1)–(4) of the Courts Article, is to be decided by the court prior to trial. § 3–2A06(c). Unless the award is thus vacated, it is admissible as evidence at the trial and presumed to be correct, with the burden of proving the contrary falling on the party rejecting it, § 3–2A06(d); should the award be vacated, "trial of the case shall proceed as if there had been no award." § 3–2A06(c). In addition, attorneys' fees are subjected to the approval respectively of the arbitration panel and the court. § 3–2A07.

282 Md. at 278–80, 385 A.2d 57.

The question in the case *sub judice* concerns the required procedure for rejecting the award; specifically, whether filing a notice of rejection with the arbitration panel is a pre-requisite to judicial review.

### III.

■ As a general rule, statutes in derogation of the common law are to be strictly construed. *James v. Prince George's County*, 288 Md. 315, 335, 418 A.2d 1173 (1980); *In Re Special Investigation*, No. 202, 53 Md.App. 96, 103, 452 A.2d 458 (1982); *Hyatt v. Hyatt*, 53 Md.App. 55, 59, 452 A.2d 436 (1982). According to Section 3–2A–09 of the Courts and Judicial Proceedings Code, however,

The provisions of this subtitle shall be deemed procedural in nature and shall not be construed to create, enlarge, or diminish any cause of action not heretofore existing, except the defense of failure to comply with the procedures required under this subtitle.

The Court discussed compliance with these procedures in *Oxtoby v. McGowan*, 294 Md. 83, 447 A.2d 860 (1982).

While an arbitration panel operating under the Act is not an administrative agency, the legislative mandate that the arbitration procedure under the Act be followed as a pre-condition to invoking the general jurisdiction of a

court is analogous to the doctrine of exhaustion of administrative remedies. Where the General Assembly has provided a special form of remedy and has established a statutory procedure before an administrative agency for a special kind of case, a litigant must ordinarily pursue that form of remedy and not bypass the administrative official. So strong is this public policy that this Court will, *sua sponte*, vacate judgment and order an action dismissed where the litigants have not followed the special statutory procedure. The public policy embodied in the Act is equally as strong as the public policy involved in the legislative creation of administrative procedures to be followed prior to involving judicial review of agency action.

294 Md. 91–92, 447 A.2d 860 (Citations omitted).

As indicated above, we must determine whether sending a copy of a notice of rejection to the individual panel members is a part of the procedure to be followed prior to invoking judicial review of panel determinations.

## IV.

Section 3–2A–06 of the Courts & Judicial Proceedings article provides that a "notice of rejection must be filed with the Director *and the arbitration panel* and served on the other parties or their counsel within 30 days after the award is served upon the rejecting party...," (emphasis added). "Arbitration panel" is defined as "the arbitrators selected to determine a health care malpractice claim in accordance..." with the statute. Md.Cts. & Jud.Proc. Code Ann. § 3–2A–01(b) (1984). Appellees failed to file a notice of rejection with the arbitration panel.

It is unlikely that the legislature intended that mailing a copy of the notice of rejection to the members of the arbitration panel was a pre-requisite to judicial review. The purpose of the "notice of rejection requirement ... [is] to inform the Director not to file the arbitral award in court

for confirmation." *Tranen v. Aziz,* 59 Md.App. 528, 537, 476 A.2d 1170 (1984).

This purpose has been recognized since the Health Care Malpractice Claims Act was enacted in 1976. The notice of rejection section initially provided that it "must be filed with the arbitration panel and served on the other parties or their counsel..." 1976 Laws of Md. ch. 235. The implementing regulation stated that "a party may reject an award by filing with the Director and serving on each other party a notice of rejection." Md.Admin.Code. tit. 01 § .03.01.14B(1) (1976).

In 1979, the notice of rejection section was amended to read "filed with the Director and the arbitration panel...." 1979 Laws of Md. ch. 156. That statute also added two other requirements: that the party rejecting the award file a copy of the action to nullify with the Director, and that the Clerk of the Court file a copy of the verdict with the Director. *Id.* The implementing regulation was not changed.

█ It appears, therefore, that in implementing the statute, the Executive Department contemplated a filing with the Health Claims Arbitration Office itself rather than the individual members of the panel. The legislature centralized all filing with the Director in 1979, but failed to delete the phrase "and the arbitration panel" from section 3–2A–06(a). The sending of a copy of the notice of rejection to the individual panel members is not required to implement the purpose of the notice of rejection section and, based on our analysis of the act, is merely a courtesy to inform the members of the panel that their determination is being challenged.

## V.

Appellants contend that according to *Tranen v. Aziz,* 59 Md.App. 528, 476 A.2d 1170 (1984) all of the requirements of § 3–2A–06 must be complied with in order to bring suit

in court and that appellees' failure to comply fully with that section mandates confirmation of the award. We do not agree. Even if the statute contemplates serving a copy of the notice of rejection on each member of the panel, failing to do so does not mean that the award must be confirmed.

In *Tranen*, the arbitration panel rendered its decision in favor of appellee health care provider on September 14, 1983. 59 Md.App. at 530, 476 A.2d 1170. On October 14, 1983, appellants filed a declaration in the Circuit Court against the appellees alleging the same acts of negligence considered by the arbitration panel. *Id.* On November 9th, 36 days after receiving official notice of the decision, appellants filed their declaration with the Director of the Health Claims Arbitration Office. *Id.* This declaration did not state that appellants rejected the arbitration panel award, or ask to nullify it. *Id.* On these facts, we affirmed the Circuit Court's dismissal of the appellant's suit for failure to comply with Section 3–2A–06 and Maryland Rule BY2 regarding commencement of action to nullify award. According to the Court,

> Section 3–2A–05(h) of the Courts article makes the award final and binding on the parties "subject to § 3–2A–06," implying that all the requirements of the judicial review section must be complied with to bring suit in court. If court suit could be brought despite noncompliance, the arbitral award would not be "final and binding" on the parties, as the statute prescribes.

> We hold accordingly that appellants' failure to comply with Section 3–2A–06(a) and (b) of the Courts article mandated dismissal of their suit.

*Id.* at 538, 476 A.2d 1170.

In that case, we rejected the appellants' contention that they had substantially complied with the statute. *Id.* at 536–38, 476 A.2d 1170. Specifically, we found that the appellants' declaration was not the equivalent of an action to nullify or a notice of rejection. *Id.* Accordingly, we had

no alternative but to affirm dismissal of the action which had been filed without following the statutory procedures. *Id.*

■ In the case *sub judice,* the notice of rejection was filed with the Director and served on opposing counsel. The action to nullify was properly filed. The only alleged noncompliance was the failure to send copies of the notice of rejection to the members of the panel. The purpose of the statute was satisfied in that the Director was notified not to file the award with the court for confirmation. The award was filed with the court only after counsel for appellant requested the Director to do so because notice was not served on the individual members of the panel.

Under these circumstances, we hold that appellees have substantially complied with the statute and that confirmation of the award is, therefore, inappropriate. This is a situation in which the rule urged by the appellants in *Tranen* applies:

> [W]here there has been compliance with the substance of the requirements of statutes or rules by one party and the other has not been prejudiced, we have held that technical irregularities will not be permitted to deprive persons of an opportunity to assert their legal rights. *See McLay v. Maryland Assemblies, Inc.,* [269 Md. 465, 306 A.2d 524 (1973)]; *Town of Somerset v. Montgomery County Board of Appeals,* 245 Md. 52, 61, 225 A.2d 294, 299–300 (1966); *Board of County Commissioners v. Kines,* 239 Md. 119, 125, 210 A.2d 367, 370–71 (1965).

59 Md.App. at 537, 476 A.2d 1170 (quoting *State v. Barnes,* 273 Md. 195, 210, 328 A.2d 737 (1974).

Accordingly, the Circuit Court properly denied the motion for confirmation of the award.

JUDGMENT AFFIRMED;

COSTS TO BE PAID BY APPELLANT.