499 A.2d 476

**William MITCHERLING**

v.

**Sebastian A. ROSSELLI et ux.**

**No. 36, Sept. Term, 1985.**

Court of Appeals of Maryland.

Nov. 5, 1985.

Motion for Reconsideration Denied Dec. 11, 1985.

**364**

James F. Mewborn and H. Thomas Howell, Baltimore (Donald L. Devries, Jr. and Semmes, Bowen & Semmes, Baltimore, on brief), for appellant.

John T. Amato IV, Baltimore (John T. Enoch, Daniel E. Liebfeld and Goodman, Meagher & Enoch, Baltimore, on brief), for appellee.

Argued before MURPHY, C.J., and SMITH, ELDRIDGE, COLE, RODOWSKY, COUCH and McAULIFFE, JJ.

McAULIFFE, Judge.

We are here concerned with the procedure to be followed in filing a notice of rejection of an award entered by a Health Claims Arbitration panel. The precise question involved is whether a timely filing of the notice with the Director of the Health Claims Arbitration Office will suffice, or whether the notice must also be filed with the individual members of the arbitration panel.

The facts are not in dispute. Appellees' dental malpractice claim against Appellant was heard by an arbitration panel pursuant to Maryland Code (1974, 1984 Repl.Vol.,

1985 Cum.Supp.) §§ 3–2A–01 through 3–2A–09 of the Courts and Judicial Proceedings Article. On July 6, 1983, following a four-day hearing, the panel entered an award in favor of Appellant. Appellees, desiring to pursue their claim in the Circuit Court, were required by the statute to file and serve a notice of rejection of the award within 30 days after service of the award upon them.[1] Section 3–2A–06(a) at that time provided:

> A party may reject an award for any reason. A notice of rejection must be filed with the Director and the arbitration panel and served on the other parties or their counsel within 30 days after the award is served upon the rejecting party. . . .

Within the prescribed time Appellees filed a notice of rejection with the Director and served a copy on Appellant, but did not file a copy with any member of the arbitration panel. At the request of Appellant the Director filed a petition for confirmation of the award in the Circuit Court for Baltimore City suggesting that the failure of Appellees to file copies of the notice with the members of the arbitration panel constituted a fatal variance from the requirements of § 3–2A–06(a). Judge Thomas Ward denied the Director's petition, and that decision was affirmed by the Court of Special Appeals. *Mitcherling v. Rosselli,* 61 Md.App. 113, 484 A.2d 1060 (1984). We granted certiorari, and we now affirm.

■ The statute mandating arbitration in certain claims against health care providers was first enacted as Chapter 235 of the 1976 Laws of Maryland.[2] At that time § 3–2A–06(a) provided that "[a] notice of rejection must be filed

---

1. Additional pleading, filing, and service requirements are contained in § 3–2A–06(b) and in Maryland Rules BY2 through BY4. Appellant does not suggest that Appellees failed to comply with these requirements.

2. The history and purpose of this legislation was recounted by Judge Digges in *Attorney General v. Johnson,* 282 Md. 274, 385 A.2d 57, *appeal dismissed,* 439 U.S. 805, 99 S.Ct. 60, 58 L.Ed.2d 97 (1978).

*with the arbitration panel* and served on the other parties or their counsel within [the time specified]."[3] (Emphasis added.) Pursuant to the authority of § 3–2A–03(b)(3), which authorized the Director to "adopt reasonable rules and regulations to govern procedures under this subtitle," general regulations of the Health Claims Arbitration Office were adopted with an effective date of December 22, 1976. The regulation specifically dealing with rejection of an award is codified at COMAR 01.03.01.14, and subsection B(1) thereof provides:

> [A] party may reject an award by filing *with the Director* and serving on each other party a notice of rejection. (Emphasis added.)

Interpreting the regulation to implement rather than contravene the statute, we conclude the effect was to designate the Director as an agent for the receipt of notices required to be filed with the panel. The practical wisdom of such a regulation is apparent, and the salutary effect was to simplify the procedure and provide a readily accessible record of the date filing was accomplished.[4]

---

**3.** The time for filing and service was originally set at 90 days after service of the award upon the rejecting party, or if timely application for modification or correction was filed, within 30 days after a disposition of the application by the panel. The time period was changed by Chapter 588 of the 1981 Laws of Maryland to 30 days after service of the award or 10 days after disposition of any timely application for modification or correction, whichever was greater.

**4.** In the absence of an implementing regulation, the legislative requirement of filing notice "with the panel" presented questions of interpretation and difficulties in ensuring compliance. It was unclear whether filing with the chairman of the panel would be sufficient, or whether filing with each member of the panel was required. Furthermore, because the requirement of filing is satisfied only by actual receipt of the document to be filed, an element of risk is involved in any attempted filing by mail. Contact with each member of the panel would be required to determine the actual date of filing, and a party would have no assurance that the individual members of the panel would date stamp the notices upon receipt, or maintain any other record of the date of receipt of the notice. Designation of a single government official as agent for receipt of these notices on behalf of the panel effectively resolved most of these problems.

The statute remained unchanged until 1979, when § 3-2A-06 was amended by the enactment of House Bill 386 to require that notice of rejection be filed "with the Director and the arbitration panel." Appellant contends that the legislature intended by this change to require separate filings with the Director and with the panel, and that by filing the notice only with the Director Appellees lost their right to pursue this claim. Appellees respond with alternative arguments that 1) filing with the Director fully satisfied the requirements of the statute, or 2) the Circuit Court had the authority to extend the time for filing notice with the panel, or 3) service on the Director constituted substantial compliance with the statute and the claim should not be lost because of a technical irregularity. Because we agree that the filing of the notice with the Director constituted literal compliance with the statute, we do not reach the questions of substantial compliance or the authority of the Circuit Court to extend the time for the filing of the notice with the panel.

It is unclear whether the legislature intended to treat the Director and the panel separately or as a single entity for the purpose of receiving this notice, or indeed whether the legislature intended to designate the Director as the sole person with whom the notice should be filed and simply neglected to remove reference to the panel when accomplishing this change. A review of the Committee Report of House Bill 386 discloses that the "bill order" by which drafting of the bill was initially requested listed as the purpose of the amendment the following:

> For the purpose of requiring a party who rejects the arbitration award to file with the Director of the Health Claims Arbitration Office a notice of rejection, a copy of the action in court, and a copy of the verdict.[5]

---

5. The title of that act is in the same words, except to reflect an amendment made by the House Judiciary Committee requiring that the clerk, rather than the rejecting party, file a copy of the verdict with the Director.

This language reflects a clear intent on the part of the originator of the bill to centralize the filing of significant documents with the Director, and certainly would have supported a decision by the drafter of the bill to substitute the Director for the panel in amending subsection (a). As it happens, the bill was drafted to add rather than substitute the Director, and was enacted in that form.

We need not further speculate on the precise intent of the legislature, however, for we conclude that the filing of notice with the Director constituted full compliance with the requirement of § 3–2A–06 even if that section is construed to require filing 1) with the Director and 2) with the panel. As we have pointed out, COMAR 01.03.01.14B(1) allowed the rejecting party to accomplish filing with the panel by making that filing with the Director. Even if the amendment to the statute is read to require filing with the panel as well as with the Director, both filings are in fact accomplished when the Director is the recipient, because he receives the notice in his individual capacity and as a designated recipient for the panel. We discern no legislative intent to exalt form over substance so as to require the filing of separate, or separately designated copies of the notice upon the Director for himself and for each panel member, and therefore the filing of a single notice constituted full compliance with the statute.

JUDGMENT AFFIRMED, COSTS TO BE PAID BY THE APPELLANT.

SMITH, ELDRIDGE and COUCH, JJ., dissent.

SMITH, Judge, dissenting.

I would reverse. In *Thomas v. Police Commissioner,* 211 Md. 357, 127 A.2d 625 (1956), Judge Hammond said for the Court:

"It is a hornbook rule of statutory construction that, in ascertaining the intention of the Legislature, all parts of a statute are to be read together to find the intention as to any one part and that all parts are to be reconciled and

harmonized if possible. *Bickel v. Nice,* 173 Md. 1, 6[, 192 A. 777, 780 (1937) ]; *Baltimore v. Deegan,* 163 Md. 234, 238[, 161 A. 282, 283 (1932) ]; *Pittman v. Housing Authority,* 180 Md. 457, 463[, 25 A.2d 466, 469 (1942) ]; *Maguire v. State,* 192 Md. 615, 623[, 65 A.2d 299, 302 (1949) ]; *Frazier v. Warfield,* 13 Md. 279, 301 [ (1859) ]. A corollary rule of construction is that if there is no clear indication to the contrary and it is reasonably possible, a statute is to be read so that no word, clause, sentence or phrase shall be rendered surplusage, superfluous, meaningless or nugatory. This was stated negatively in *Pressman v. State Tax Commission,* 204 Md. 78[, 102 A.2d 821 (1954) ], where it was noted that words in a statute may be rejected as surplusage if they are incapable of any sensible meaning or are repugnant to the rest of the statute and tend to nullify it." 211 Md. at 361, 127 A.2d at 627.

Judge Hammond put it somewhat differently in *St. Joseph Hospital v. Quinn,* 241 Md. 371, 379, 216 A.2d 732, 736 (1966), when he observed for the Court, "that all parts [of a statute] must have been intended to have meaning and to result in an operative statute. *Dept. of Tide. Fisheries v. Sollers,* 201 Md. 603, 611[, 95 A.2d 306, 309 (1953) ]."

Numerous cases have expressed a similar view. *See, e.g., Management Personnel Serv. v. Sandefur,* 300 Md. 332, 341, 478 A.2d 310, 315 (1984); *City of Baltimore v. Hackley,* 300 Md. 277, 283, 477 A.2d 1174, 1177 (1984); *Board of Educ., Garrett Co. v. Lendo,* 295 Md. 55, 63, 453 A.2d 1185, 1189 (1982); *Smelser v. Criterion Ins. Co.,* 293 Md. 384, 389, 444 A.2d 1024, 1027 (1982); *Rome v. Lowenthal,* 290 Md. 33, 41, 428 A.2d 75, 79 (1981); *Police Comm'r v. Dowling,* 281 Md. 412, 419, 379 A.2d 1007, 1011 (1977); *Prince George's Co. v. White,* 275 Md. 314, 319, 340 A.2d 236, 239–40 (1975); *St. Paul Fire & Mar. v. Ins. Comm'r,* 275 Md. 130, 142, 339 A.2d 291, 297–98 (1975); *A.H. Smith Sand & Gravel v. Dep't,* 270 Md. 652, 659, 313 A.2d 820, 824 (1974); *Baltimore City v. United Stores,* 250 Md. 361, 368–69, 243 A.2d 521, 524–25 (1968).

When the General Assembly amended Maryland Code (1974) § 3–2A–06, Courts and Judicial Proceedings Article, by Chapter 156 of the Acts of 1979, it was by insertion of the words "director and the" immediately before "arbitration panel" in the statute which read, prior to amendment, "A notice of rejection must be filed with the arbitration panel ...." The holding of the Court today renders the words "and the arbitration panel" meaningless and nugatory.

I am authorized to state that Judges ELDRIDGE and COUCH concur in the views here expressed.