# REGINALD HARVEY v. STATE OF MARYLAND

[No. 766, September Term, 1981.]

*Decided March 3, 1982.*

The cause was argued before THOMPSON, MOORE and MacDANIEL, JJ.

*Martha Weisheit, Assistant Public Defender,* with whom was *Alan H. Murrell, Public Defender,* on the brief, for appellant.

*Ellen Finkelstein, Assistant Attorney General,* with

whom was *Stephen H. Sachs, Attorney General,* on the brief, for appellee.

MacDANIEL, J., delivered the opinion of the Court.

On October 22, 1980, in the Criminal Court of Baltimore, Reginald Harvey, appellant, was found not guilty by reason of insanity of assault with intent to rape and related charges and by order of court committed to the Department of Health and Mental Hygiene for an examination and evaluation pursuant to Maryland Annotated Code Article 59, § 25 (1957, 1979 Repl. Vol.). The State concedes that this court order committing appellant to the Department of Health and Mental Hygiene was "lost" or "misplaced" somewhere "in department channels" for approximately five months. Immediately upon its discovery a hearing was promptly commenced before a hearing officer pursuant to Article 59, § 27A (a). Although not clear from the record, it appears that the Clifton T. Perkins clinical staff had completed its examination and evaluation of appellant sometime during this five month delay and was prepared to testify that appellant was still mentally ill and dangerous to himself and others. On March 20, 1981, the hearing officer filed with the court his recommendation that appellant be released for failure of the State to comply with the time limitations set forth in Article 59, §§ 27 and 27A. The State filed exceptions to the hearing officer's recommendations. After hearings held in the Circuit Court of Baltimore City on April 16 and May 26, 1981, the trial court issued an order denying appellant's motion for release and this appeal ensued.[1]

Appellant contends, and we agree, that the trial court erred in holding that the time limitations of Article 59, §§ 27 and 27A were directory and not mandatory. This will give little solace to appellant however as we shall further

---

1. We note that, although the "caption" indicates that this is a criminal case, the nature of the case is *civil* and we admonish appellant's counsel for failing to provide the order of court determining that Article 59 is directory and for failing to provide a record extract. Because of the importance of the case, we have not granted the State's motion to dismiss the appeal nor dismissed it upon our own motion pursuant to Maryland Rule 1028.

rule that the release of appellant is an improper sanction for a violation of the mandatory time limitations of Article 59, §§ 27 and 27A.

Those portions of Article 59 pertinent to this appeal are:

## Section 27

"(b) *Order of commitment.* — . . ., immediately after a person has been found not guilty by reason of insanity, the court shall order the person committed to the Department of Health and Mental Hygiene for examination and evaluation. . . .

(c) *Purpose of examination and evaluation.* — The examination and evaluation is for the purpose of determining whether:

(i) The person has a mental disorder; and

(ii) By reason of that mental disorder, he would be a danger to himself or to the person or property of others if not confined in an institution for in-patient care or treatment or not subject to specific conditions imposed by the court in the event he is not confined in an institution for in-patient care or treatment.

(d) *Completion of examination and evaluation; distribution of evaluation report.* — The examination and evaluation shall be commenced promptly and shall be completed within 20 days of the commitment order unless for good cause shown the court extends the time for completion. A copy of the evaluation report shall be sent to the State's attorney, the hearing officer, the person, and his counsel."

## Section 27A

"(a) Unless postponed for good cause or by agreement of the person and the Department of Health and Mental Hygiene, within 30 days after

the date of the order specified in sec. 27 (b), a hearing shall be conducted by a hearing officer designated by the Secretary. Notice of the hearing shall be sent to the State's attorney, the person, and his counsel. The hearing is for the purpose of considering the evaluation and other relevant information to enable the hearing officer to make recommendations to the court with respect to the issues enumerated in sec. 27 (c)."

The time limitations referred to by appellant are that portion of Article 59, § 27 (d) which states "shall be completed within 20 days" and that portion of § 27A (a) which states "within 30 days after the date of the order specified in 27 (b) a hearing shall be conducted." The State concedes factual noncompliance with the time provision of § 27A (a) and, for purposes of this appeal, we shall assume noncompliance with the time provision of § 27 (d).

## Mandatory vs. Directory

Heretofore, this Court and the Court of Appeals when faced with an interpretation of the word "shall" in a statute or a rule (primarily dealing with time limitations) used the "directory or mandatory" approach to determine what sanction would apply for a violation of the provisions of the statute or rule. In that context we started with the principle of statutory construction that the use of the word "shall" is presumed mandatory unless its context would indicate otherwise. *Moss v. Director,* 279 Md. 561 (1977). Generally, two elements were considered necessary to overcome the mandatory presumption, (1) the purpose of the statute or rule and (2) the absence of a penalty provision. If no penalty provision was provided for a violation of the time requirements and the purpose of the statute or rule indicated otherwise, we generally held the interpretation of the word "shall" to be directory and not mandatory. Once having found "directory," we then would determine whether the sanction of dismissal for a violation was appropriate. Nor-

mally, we found "dismissal" an improper sanction under these conditions. When we found that the use of the word "shall" was mandatory rather than directory, ordinarily we would then find dismissal an appropriate sanction for a violation of the time provisions of the statute or rule.

Under the above enunciated standards, decisions were reached in *Moss v. Director, supra,* and *Coard v. State,* 43 Md. App. 146 (1978).

*Moss* concerned a motion to dismiss defective delinquency proceedings filed by the defendant on the ground that his right to a prompt hearing had been violated. The time provision in question actually used the term "shall forthwith," rather than "shall". Here the Court utilized the standard that the use of the word "shall" is presumed mandatory unless its context would indicate otherwise. In spite of the lack of a penalty provision, the Court found that the context of the statute "did not indicate otherwise," that the word "shall" was mandatory, and that the sanction for a violation of this mandatory provision was dismissal of the proceedings.

*Coard* closely resembles the factual posture of the case *sub judice.* The primary issue in *Coard* arose from a consent decree in the United States District Court case of *Dorsey v. Solomon,* 435 F. Supp. 725 (D. Md. 1977), affirmed in part and remanded in part, 604 F.2d 271 (4th Circuit 1979). *Dorsey* established the right of persons found not guilty by reason of insanity to a post-commitment hearing. The *Dorsey* decree held: "No insanity acquitted person shall be confined. . .without a prior judicial hearing to be held within sixty (60) days after receipt of the evaluation report." In *Coard,* two appellants, Richard David Coard and Neil Willie English, having previously been found not guilty of certain crimes by reason of insanity, petitioned the court for a judicial release from confinement in a mental hospital. Coard and English argued that because the commitment hearing was not held within sixty days of the receipt of the evaluation report from Clifton T. Perkins Hospital they must be released. We indicated in *Coard* that the word "shall" as

used in the consent decree was directory and not mandatory, and refused to apply the sanction of dismissal for a violation of the time provisions.

Were we to follow the line of reasoning in these prior cases, we would have no difficulty in finding the use of the word "shall" in Article 59, §§ 27 and 27A to be directory and not mandatory, and that the sanction of release of the appellant in the case *sub judice* to be an inappropriate penalty for a violation of the time requirements.

However, Judge Smith, speaking for the Court of Appeals in *In Re Dewayne H.,* 290 Md. 401 (1981), appears to suggest a much more sensible and reasonable approach to the problem of what sanction, if any, should be imposed when there has been a violation of the time requirements of a rule or statute where the word "shall" has been utilized in that rule or statute. *Dewayne H.* concerned a provision of Maryland Rule 915 a which states that a "disposition hearing [in a juvenile proceeding] shall be held no later than thirty days after the conclusion of the adjudicatory hearing." Here there was a violation of the 30-day provision which necessitated the Court to determine whether a dismissal of the proceedings would be a proper sanction for this violation. In reference to the word "shall" Judge Smith said at 405:

> "The language here is clear and unambiguous. However, its mandatory nature does not indicate the sanction to be applied nor does the sanction necessarily inure to the benefit of the juvenile."

Having found the word "shall" to be mandatory with no sanction contained in the rule, Judge Smith then discussed the purposes of the rule and concluded that dismissal of the proceedings was an improper sanction for a violation of the mandatory provision of Maryland Rule 915 a.

This suggests a logical approach to the problem presented when there is a violation of a mandatory time requirement in a statute or rule. Whenever the word "shall" is used it is *mandatory.* Why else would this word be used? If the legislative body responsible for the enactment of the statute or rule

meant "directory," we assume they would say so. The question then becomes: although mandatory should the sanction of dismissal be the proper relief for a violation of a mandatory time provision? To determine that question we then turn to the two elements that were previously used to state "directory and not mandatory," *i.e.*, (1) the purpose of the statute or rule and (2) the absence of a penalty provision.

This Court was faced with a problem similar to that in *Dewayne H.* in *In Re: Howard L.*, 50 Md. App. 498 (1982). *In Re: Howard L.* concerned a violation of the time provision contained in Maryland Rule 914 b that "[a]n adjudicatory hearing shall be held within 60 days after the juvenile petition is served on the Respondent." The Court found a violation of the time requirements of Maryland Rule 914 b, found the 60-day rule requirement to be mandatory, but, following the reasoning of *In Re: Dewayne H.*, refused to impose the sanction of dismissal for the violation. Judge Lowe, speaking for this Court in *In Re: Howard L.*, said:

> Nothing in that rule indicates in the slightest that the Court of Appeals intended the sanction imposed upon society for an administrator's violation to be dismissal of the petition. Nor do we see anything in the rule, or reasoning of the Court of Appeals, to suggest that delinquents be denied the benefits of rehabilitation anticipated by the Juvenile Causes Act because of a technical scheduling violation. Strict compliance with mandated procedures can certainly be administratively imposed without detriment to both the youth we hope to help and the society he has already once imposed upon." 50 Md. App. at 503.

With this authority as a background, we find that the time requirements of Article 59, §§ 27 and 27A are mandatory.

*Sanction for violation of a mandatory time requirement*

In the case *sub judice* we have found that there was a violation of the mandatory time requirements of Article 59, §§ 27 and 27A. Following the guidelines enunciated in *In Re: Dewayne H.,* we now consider the sanction requested by appellant for this violation. As there is no penalty provision contained within Article 59, §§ 27 and 27A for a violation of the time requirements, we need only concern ourselves with the purpose of the statute.

Although *Coard, supra,* dealt with mandatory time requirements in a District Court consent decree and the case *sub judice* dealt with mandatory time requirements in a statute, we are principally dealing with the same issue, *i.e.,* the release of a defendant found not guilty of a crime by reason of insanity because of a violation of a mandatory time requirement. We find the language in *Coard* dispositive of this issue where Judge Lowe, speaking for this Court, at 151 said:

"It is inconceivable in any case, that the District Court would, if it could, compel this Court or the State to release persons, whose culpable conduct has been conceded but excused, either because they do not understand what is criminal, or they know what is criminal but cannot help acting out in the proscribed manner. Md. Ann. Code art. 59, § 25 (a). *See Gardner v. State,* 41 Md. App. 187 (1979), *cert. granted,* 284 Md. 744 (March 28, 1979). To release such persons into society because of a relatively insignificant administrative breakdown, in the absence of prejudice, is an unacceptable alternative sanction. Society must not always be the scapegoat simply to enforce rigidly every agreed upon procedural compliance. The extreme dismissal sanction for speedy trial denial, *Barker v. Wingo,* 407 U.S. 514 (1972), and for its statutory little brother, Md. Ann. Code art. 27, § 616S, is directly related to the

abrogation of constitutional rights, as are the other sanctions (such as the exclusionary rule) construed to enforce adherence to constitutional principles by denying societal relief without punishing the offender or other party at fault for the violation. But nowhere has there ever been so extreme a sanction applied against society rather than the offender for a procedural noncompliance with a nisi prius court decree of the type here formulated by a stipulation between the parties seeking a declaratory judgment."

We hold that the release of appellant is an improper sanction for a violation of the mandatory time requirements of Article 59, §§ 27 and 27A.

> *Denial of appellant's motion for dismissal by trial court affirmed. Appellant to pay the costs.*