586 A.2d 1295

**DEPARTMENT OF HEALTH & MENTAL HYGIENE, et al.**

v.

**REEDERS MEMORIAL HOME, INC.**

No. 371, Sept. Term, 1990.

Court of Special Appeals of Maryland.

March 7, 1991.

448

Lawrence J. Ageloff, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., and Maureen M. Dove, Asst. Atty. Gen., on the brief), Baltimore, for appellants.

Howard L. Sollins (Ober, Kaler, Grimes & Shriver, on the brief), Baltimore, for appellee.

Argued before ROSALYN B. BELL and FISCHER, JJ., and FRED A. THAYER, Specially Assigned, Judge.

THAYER, Judge.

The calculation of a Medicaid reimbursement is disputed in this appeal. Appellant, the Department of Health and Mental Hygiene (the Department), disallowed a portion of appellee's claimed Medicaid reimbursement for nursing home services in the fiscal years ending June 30, 1986 and June 30, 1987. In accordance with Md. Health General Article, Section 15–108 (1990 repl. vol.), appellee appealed the Department's decision to the Nursing Home Appeal Board (NHAB). The NHAB affirmed the Department's decision. Appellee next appealed to the Circuit Court for Washington County. The circuit court reversed. Appellant now turns to us claiming:

I. The Department's interpretation of COMAR 11.09.11.-07E (sic) [1] denying reimbursement for invested funds was correct.

 A. The Department's interpretation is consistent with the purpose, principles and program objectives of both medical assistance and Medicare.

---

1. The correct citation of the regulation is COMAR 10.09.11.07E. Effective November 27, 1989, COMAR Chapter 10.09.11 was revised and renumbered 16:17 Md.R. 1901–1920 (August 25, 1989); 16:23 Md.R. 2505–2506 (November 17, 1989). The revision was not substantive. Unless otherwise noted, the COMAR references herein use the previous numbering, as they were referenced in the proceedings below.

B. The plain language of the regulation requires the Department's interpretation.

II. The trial court applied the wrong standard of review in reversing the decision of the NHAB.

## FACTS

Appellee, Reeders Memorial Home, Inc. (Reeders), is a not-for-profit nursing home located in Boonsboro, Maryland. As an intermediate care facility, it receives funds for its care of Medicaid beneficiaries through the Maryland Medical Assistance Program.

The Department administers the Maryland Medical Assistance Program pursuant to Health–General Article, Section 15–103 (1984 repl. vol., 1990 supp.). Private accounting firms are designated by the Department to calculate providers' reimbursement according to state regulations. When a dispute arises concerning the reimbursement, the Department or the provider may turn to the NHAB for review pursuant to Section 15–108.

In Maryland, a Medicaid-certified nursing home is paid a per diem rate for each Medicaid beneficiary who receives its services. The per diem rate is a composite rate, derived from adding together four separate "cost centers": (1) Routine and Administrative Costs, (2) Direct Nursing Care Costs, (3) Other Patient Costs, and (4) Property and Capital Costs. COMAR 10.09.11.07.

The Property and Capital Costs center, at issue in this appeal, involves several factors. One factor is reimbursement for mortgage interest. To calculate that amount of reimbursement the mortgage interest paid by a nursing home is reduced by the amount of interest income the nursing home earned on certain invested funds. This calculation adheres to a Medicaid principle that reimbursement for interest paid on debt should be reduced if funds were available, through a nursing home's investment income, which could have been applied to the debt. COMAR 10.09.-11.07B(2)(a).

Appellee's reimbursement for mortgage interest was computed with this deduction in FY 1986, FY 1987 and in previous years. Neither party contests this calculation.

Another component of the Property and Capital Costs: net capital value rental (NCVR), is more complex. NCVR is the mechanism by which nursing homes are reimbursed for the use of their physical facilities. It is calculated by following the formula in COMAR 10.09.11.07E. In simplified terms, the Department appraises the value of a nursing home's land, building and non-movable equipment (within certain parameters). An allowance for movable equipment is added to the appraised value. The mortgage debt is subtracted from this total to obtain the nursing home's net capital. The net capital is then used to calculate the NCVR according to a formula found in COMAR 10.09.11.07E(11)(i), which provides:

> (i) the value of net capital ... will be multiplied by the appropriate rental rate in order to generate the net capital value rental. The rental rate for: (i) non-profit facilities will be .0790; (ii) for-profit facilities will be .0888.

In calculating appellee's NCVR in FY 1984, 1985, 1986 and 1987 the Department used the actual amount of appellee's mortgage debt without decreasing it by the amount of investment funds on which appellee earned interest, as had been used in the calculation of reimbursable mortgage interest. In FY 1984 and 1985, appellee challenged this method of calculation through an administrative appeal to the NHAB. The NHAB directed the Department to use the methodology in calculating the mortgage debt for NCVR as was used in calculating the reimbursable mortgage interest. That is, the mortgage debt was to be decreased by the amount of invested funds on which appellee earned interest. The practical effect of this calculation was that appellee received a higher reimbursement than under the contested calculation.

In FY 1986 and FY 1987 the NHAB reversed its earlier stance and upheld the Department's mathematics, stating only that "the regulations as written are clear and their

application to the provider's appeal in this instance is correct". Appellee appealed to the circuit court. There, the trial judge reversed the NHAB, finding that appellee, and the industry as a whole, was entitled to a consistent interpretation of the regulation. This appeal followed.

## STANDARD OF REVIEW

The standard of review of the NHAB's decision, like that of the circuit court, is set forth in the Maryland Administrative Procedure Act, State Government Article, Section 10–215. That provision, in pertinent part, states that the circuit court may

(1) remand the case for further proceedings;

(2) affirm the decision of the agency; or

(3) reverse or modify the decision if any substantial right of the petitioner may have been prejudiced because a finding, conclusion or decision of the agency:

(i) is unconstitutional;

(ii) exceeds the statutory authority or jurisdiction of the agency;

(iii) results from an unlawful procedure;

(iv) is affected by another error of law;

(v) is unsupported by competent, material and substantial evidence in light of the entire record as submitted; or

(vi) is arbitrary or capricious.

(Section 10–215(g)).

There is more than one possible standard of review for an administrative decision. When determining whether an agency's factual finding violates Section 10–215, the appropriate standard of review is, of course, the substantial evidence test. However, when we consider whether the agency erred as a matter of law, for example, when there is a challenge to a regulatory interpretation, the substituted judgment standard is to be used. *Perini Services, Inc. v. Maryland Health Resources Planning Commission*, 67 Md.App. 189, 201, 506 A.2d 1207 (1986). Here, the NHAB,

in applying COMAR 10.09.11.07E, interpreted the regulation as a matter of law.

## I.

■ Upon appellate review, courts bestow special favor on an agency's interpretation of its own regulation. Recognizing an agency's superior ability to understand its own rules and regulations, a "court should not substitute its judgment for the expertise of those persons who constitute the administrative agency from which the appeal is taken". *Bulluck v. Pelham Wood Apartments,* 283 Md. 505, 513, 390 A.2d 1119 (1978). We have acknowledged the expertise of the NHAB as the independent body whose members are "knowledgeable in Medicare and Medicaid reimbursement principles" and whose sole function is to decide issues of reimbursement. *Fort Washington Care Center v. Department,* 80 Md.App. 205, 213, 560 A.2d 613 (1989).

In *Montgomery County v. Anastasi,* 77 Md.App. 126, 137, 549 A.2d 753 (1988), we addressed the issue of whether an alleged deviation of an administrative agency from the agency's prior decision constituted an arbitrary and capricious act under Section 10–215. There, Judge Bishop, speaking for the court, stated that an agency's enforcement of its rules and policies must not be so fluid as to become arbitrary and capricious.

"An agency changing its course must supply a reasoned analysis indicating that prior policies and standards are being deliberately changed, not casually ignored, and if any agency glosses over or swerves from prior precedents without discussion it may cross the line from tolerably terse to intolerably mute."

*Id.* at 137, 549 A.2d 753 (citations omitted).

In the case *sub judice,* appellee appeared before the NHAB in 1984. At that time, the NHAB issued a comprehensive and well-reasoned record, replete with the parties' respective arguments, hypothetical mathematics and a final decision. In 1985, faced with the identical issue, the NHAB

reiterated, verbatim, its findings and conclusions from the previous year. The exegesis of the NHAB's decision in 1986 and 1987, in comparison, is nearly non-existent. Its conclusion is relegated to one sentence, "the regulations as written are clear and their application to the provider's [Reeders'] appeal in this instance is correct".

In this instance, we note that the NHAB's summary decision is devoid of specific explanations and does not comply with the requirements of COMAR 10.01.09.07, nor does it provide the facility for judicial review envisioned in *Tron v. Prince George's County*, 69 Md.App. 256, 517 A.2d 113 (1986).

## II.

Although the NHAB failed to enlighten the parties or the reviewing courts of the specific reasons for its decision in reversing itself, it is clear that its interpretation of COMAR 10.09.11.07E in FY 1986 and FY 1987 is correct, and as an assist to judicial economy we so hold.

The minority opinion of the NHAB in FY 1984 and 1985 provides the specificity lacking in the majority opinions of FY 1986 and 1987. The minority observed that while there may be a relationship between the calculation to determine an amount of allowable mortgage interest which offsets full mortgage interest with invested funds income and "net capital value" which utilizes a deduction for mortgage debt from assets without adjustment to mortgage debt for invested funds, the regulations "clearly and unambiguously" describe two distinct components in the calculation of reimbursement: one specifically for mortgage interest and one specifically for net capital value rental. One utilizes an adjustment to mortgage interest; the other contains no express adjustment to mortgage debt. Appellant aptly notes: "Thus Reeder's (sic) [appellee's] interpretation could stand only if additional language was imputed to Section (11)(g) of the regulations, for example, the amount of the allowable mortgage debt, *minus the amount of invest-*

*ment funds on which interest is earned* ... will be subtracted from ...".

There is no need to attempt to divine any regulatory intent of the administrative agency here involved. "There is no ambiguity or obscurity in the language, [thus] there is no need to look elsewhere to ascertain the intent." *Police Commissioner of Baltimore City v. Dowling,* 281 Md. 412, 379 A.2d 1007 (1977). "The regulation speaks for itself." *Messitte v. Colonial Mortgage Service Company Associates, Inc.,* 287 Md. 289, 411 A.2d 1051 (1980).

 In FY 1984 and 1985 NHAB misinterpreted the applicable regulations, but corrected this interpretation in FY 1986 and 1987. It was not bound in 1986 or 1987 by the doctrine of *res judicata, Cicala v. Disability Review Board for Prince George's County,* 288 Md. 254, 418 A.2d 205 (1980), particularly "where, as in this case, the administrative agency's original decision was based on an error of law." *Klein v. Colonial Pipeline Co.,* 55 Md.App. 324, 339, 462 A.2d 546 (1983), *Board of County Commissioners of Cecil County v. Racine,* 24 Md.App. 435, 332 A.2d 306 (1978). As appellant points out, the Department's interpretation of the applicable regulations has been consistent throughout the history of appellee's administrative experience with NHAB. Appellant's fault, if any, was in accepting without appeal the NHAB decision in FY 1984 and 1985.

We reverse the decision of the trial court and remand to the Circuit Court for Washington County with the instruction to affirm the decision of the Nursing Home Appeals Board in the matter of Reeders Memorial Home, Inc. for the periods ending June 30, 1986 and 1987.

JUDGMENT REVERSED.

CASE REMANDED TO CIRCUIT COURT FOR WASHINGTON COUNTY.

COSTS TO BE PAID BY APPELLEE.