598 A.2d 479

**Aaron TUCKER**

v.

**STATE of Maryland.**

**No. 109, Sept. Term, 1991.**

Court of Special Appeals of Maryland.

Nov. 26, 1991.

Sherrie B. Glasser, Asst. Public Defender (Stephen E. Harris, Public Defender, on the brief), Baltimore, for appellant.

Mary Ellen Barbera, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Baltimore, and Andrew L. Sonner, State's

Atty. for Montgomery County, Rockville, on the brief), for appellee.

Submitted before WILNER, C.J., and MOYLAN and BLOOM, JJ.

WILNER, Chief Judge.

On January 2, 1990, appellant pled guilty in the Circuit Court for Montgomery County to attempted murder. The plea arrangement provided that appellant could receive a maximum of twenty years in prison. On March 6, 1990, the court sentenced him to fourteen years imprisonment.

On April 3, 1990, appellant filed an Application for a Review of Sentence by a three-judge panel pursuant to Md.Ann.Code art. 27, § 645JA and Maryland Rule 4–344. On June 5, 1990, the circuit court appointed a panel and set the hearing for August 17, 1990. By an order dated August 31, 1990, the circuit court substituted certain members of the panel and rescheduled the hearing for December 21, 1990. There is no evidence in the record indicating why the hearing was postponed or whether appellant objected to the postponement.[1] Following the hearing, the panel increased appellant's sentence from fourteen to twenty years.

Appellant complains that the panel's decision is invalid because the panel lost jurisdiction of his case when it failed to act within thirty days of the filing of the application for review, as specified in Md.Ann.Code art. 27, § 645JC. We disagree.

Ordinarily, we would first determine whether the objection raised by the appellant on appeal was preserved below in accordance with Maryland Rule 8–131. Issues of subject matter jurisdiction are exempt from the preservation requirement, however. Rule 8–131(a); *Thompson v. State*, 38 Md.App. 499, 501, 381 A.2d 704 (1978). Therefore, to decide

---

**1.** In its brief, the State alleges that appellant filed an oral motion to continue the matter on August 17, 1990. There is nothing in the record to support that allegation.

if failure to object below is fatal would require addressing whether the thirty-day requirement is jurisdictional or procedural, which, in essence, is the substantive issue on appeal.

Section 645JC is part of the subtitle of article 27 providing for the review of criminal sentences. Section 645JA permits a defendant who has received a sentence of more than two years' imprisonment to have the sentence reviewed by a panel of three or more circuit court judges. Md.Rule 4–344, which implements the statutory right, requires the circuit administrative judge to appoint a review panel promptly after notification by the clerk that an application for review has been filed.

Section 645JC, coupled with Rule 4–344, sets forth the procedure to be followed by the panel. It first permits the panel to require the Division of Parole and Probation "to investigate, report, and make recommendations with regard to any such application for review" but imposes no deadline for the completion of such investigation or the filing of the report. Nor does Md.Ann.Code art. 41, § 4–609, the statute directing the Division to make pre-sentence investigations when requested by the court. Presumably, the panel need not consider the application until any requested report is received. Section 645JC and Rule 4–344(e) permit, but do not require, the panel to hold a hearing on the application.

Section 645JC nonetheless provides that "[t]he decision of the panel *in each review* shall be rendered by a majority of the members of the panel and shall be rendered within thirty days from the filing date of the application for review." (Emphasis added.) Rule 4–344(f) provides that the panel "shall file a written decision with the clerk within 30 days after the application is filed." It is these provisions that appellant contends are jurisdictional in nature, divesting the panel of jurisdiction to act on an application after the passage of 30 days.

■ In dealing with statutory commands, including time provisions such as these, courts often speak in terms of

whether they are "mandatory" or merely "directory." *See, for example, Resetar v. State Bd. of Education,* 284 Md. 537, 547, 399 A.2d 225, *cert. denied,* 444 U.S. 838, 100 S.Ct. 74, 62 L.Ed.2d 49 (1979). The suggestion implicit from such an analysis is that, if the command is "mandatory," some fairly drastic sanction must be imposed upon a finding of noncompliance, whereas if the command is "directory," noncompliance will result in some lesser penalty, or perhaps no penalty at all. That, indeed, is really the issue. When a legislative body commands that something be done, using words such as "shall" or "must," rather than "may" or "should," we must assume, absent some evidence to the contrary, that it was serious and that it meant for the thing to be done in the manner it directed. In that sense, the obligation to comply with the statute (or rule) is both mandatory and directory. The relevant question in such a case is whether the sanction sought for noncompliance is an appropriate one.

We suggested that this was the proper focus in *Peoples Counsel v. Pub. Serv. Comm'n,* 52 Md.App. 715, 451 A.2d 945 (1982). With the adoption of Md.Rule 1–201 in 1984, it very clearly became the proper focus, at least with respect to interpreting the Rules. Rule 1–201 provides, in relevant part:

> "When a rule, by the word 'shall' or otherwise, mandates or prohibits conduct, the consequences of noncompliance are those prescribed by these rules or by statute. If no consequences are prescribed, the court may compel compliance with the rule or may determine the consequences of the noncompliance in light of the totality of the circumstances and the purpose of the rule."

Although Rule 1–201(a), by its terms, applies only to the construction of the Maryland Rules, the standards espoused in it are equally applicable to statutory commands. Even when applying a "mandatory/directory" standard, the courts have essentially looked to the context of the enactment and ultimately to the legislative intent in determining what, if any, sanction to impose for noncompliance. *See*

*Resetar v. State Bd. of Education, supra,* 284 Md. 537, 399 A.2d 225, and cases cited therein. If the legislative body has provided a sanction for noncompliance, its intent is clear, and that sanction, if lawful, *i.e.,* Constitutional, has ordinarily been applied. *See Robinson v. Pleet,* 76 Md.App. 173, 544 A.2d 1 (1988). If no clear sanction has been provided, the court has attempted to discern the overall purpose of the statute and then determine which, if any, sanction will best further that purpose.

The Maryland courts have dealt with time limits of this type on a number of occasions and have generally concluded that, in the absence of a contrary statement in the statute or rule, the body subject to the limitation does not lose its authority to act upon expiration of the prescribed time. *See McCalls Ferry Co. v. Price,* 108 Md. 96, 69 A. 832 (1908) (Constitutional requirement that Court of Appeals shall file an Opinion within three months after argument or submission of the cause does not preclude the Court from validly filing its Opinion after that period); *Snyder v. Cearfoss,* 186 Md. 360, 46 A.2d 607 (1946) (same rule applied with respect to Constitutional requirement that circuit court judges render their decision within two months after the case is argued or submitted); *Maryland St. Bar Ass'n v. Frank,* 272 Md. 528, 325 A.2d 718 (1974) (statutory requirement that attorney discipline charges be prosecuted within 60 days did not preclude court from hearing such charges after that period); *Resetar v. State Bd. of Education, supra,* 284 Md. 537, 399 A.2d 225 (regulation requiring county board of education to review hearing examiner decisions within 30 days did not preclude board from validly acting on the decision after the 30–day period).

■ The case at hand falls clearly within this rule. Not only is no sanction provided for noncompliance with the 30–day requirement, but, given the practical constraints upon the procedure authorized by the Legislature, it must assuredly have anticipated that literal compliance would be difficult. The 30–day period must encompass (1) a day or two for the clerk to notify the circuit administrative judge

of the filing of the application, (2) whatever time may be required for the circuit administrative judge to find and designate three circuit court judges able to constitute a review panel, (3) time for those judges to review the application and determine (i) whether to request an investigation by the Division of Parole and Probation, and (ii) whether to conduct a hearing, (4) if an investigation is requested, the time necessary for its completion, for a report to be written, and for the panel to review the report, (5) the time required to schedule a hearing, if one is to be held, taking into account the difficulty in arranging a convenient time for three judges and two lawyers, and (6) the time required for the judges to consider the matter and prepare their written decision.

The sentence review procedure was designed to promote uniformity and proportionality in criminal sentences. *Robinson v. Warden, Md. House of Cor.*, 455 F.2d 1172 (4th Cir.1972). Unlike the situation in some States, there is no other judicial forum in Maryland for such review, and so, if we were to apply a rule terminating the authority of these panels after 30 days, the beneficent purpose of the process could be significantly impaired. We therefore conclude that the 30–day requirement stated in § 645JC and Md.Rule 4–344(f) does not serve to terminate the panel's authority to act after the expiration of that period.

JUDGMENT AFFIRMED;

APPELLANT TO PAY THE COSTS.