598 A.2d 851

**David Bruce BAKER**

v.

**STATE of Maryland.**

**No. 127, Sept. Term, 1991.**

Court of Special Appeals of Maryland.

Dec. 5, 1991.

Andrew J. Groszer, Jr., Assigned Public Defender, Cockeysville (Stephen E. Harris, Public Defender, Baltimore, on the brief), for appellant.

Carolyn H. Henneman and Karen J. Kruger, Asst. Attys. Gen. (J. Joseph Curran, Jr., Atty. Gen., on the brief), Baltimore, for appellee.

Submitted before WILNER, C.J., and GARRITY and DAVIS, JJ.

WILNER, Chief Judge.

Taxes, Justice Holmes penned in dissent in *Compania de Tabacos v. Collector*, 275 U.S. 87, 100, 48 S.Ct. 100, 105, 72 L.Ed. 177 (1904), are what we pay for civilized society. David Bruce Baker, to our knowledge, has not complained about or sought voluntarily to withdraw from civilized society. He has, however, objected to making his annual contribution to that society.

The Circuit Court for Anne Arundel County took a dim view of Mr. Baker's attitude in this regard. On ample, and largely undisputed, evidence, a jury convicted him of willful failure to file his 1985, 1986, 1987, and 1988 Maryland income tax returns. No doubt disturbed by the fact that Mr. Baker then fled the State in violation of his release on personal recognizance pending sentencing, the court, upon his return pursuant to a bench warrant eventually served on him in Tennessee, sentenced him to 12 years in prison and a $12,000 fine. That sentence, it appears, caused Mr. Baker temporarily to reformulate his political and fiscal philosophy. He filed the delinquent returns and paid the taxes that were due, along with interest and penalties, whereupon a sentence review panel reduced his sentence to 18 months and a $1,500 fine.

Mr. Baker is now part of civilized society again, having been released on parole some six months ago. Though free, he remains unrepentant, and, with the assistance of the Public Defender's Office, which he previously was unwilling to help support, he has brought this appeal, complaining that he was "denied due process of law and the rudimentary demands of justice by the State's deception of the court and jury in regard to the Comptroller's status under the Maryland Forms Management Law." The essence of his argument is that he was not required to file Maryland income tax returns or to pay any taxes because the income tax return form prescribed by the Comptroller was not in compliance with the Forms Management Act (Md.Ann.Code State Gov't art., §§ 10–604—10–608). He complains further that the State's witnesses misled the court into thinking that the form *was* in compliance with that Act.

The English language, blending and building upon the vocabulary of its Latin and Germanic roots, is a marvelous and omnificent language, offering a rich variety of words and expressions to describe or explain a single thought. And so, in characterizing the complaint made in this appeal by Mr. David Bruce Baker, we have much to choose from—

ludicrous, preposterous, silly, asinine, ridiculous, absurd, nonsensical, frivolous, outrageous, unreasonable, laughable, foolish, unsound, and incongruous come to mind, but there may be others. Meritless and erroneous are partly descriptive, but somehow they don't seem to capture the full flavor of the thought. In other words, we propose to affirm.

Appellant at one time worked for Giant Food, Inc. As long as his employer withheld money from his salary toward his income tax liability and thereby entitled him to a refund at the end of the year, Baker filed tax returns. At some point, however, and by some means, he was able to persuade his employer to cease withholding money for taxes, and he thereafter declined to file returns. In response to inquiries from the Internal Revenue Service and the State Comptroller, he offered a variety of reasons as to why he was not required to file returns or pay taxes, including assertions that the income tax laws were unconstitutional, that wages did not constitute income, that IRS Form 1040 was not an authorized form and for that reason he was excused from having to file either Federal or State income tax returns, and that, pursuant to his "Affidavit of Revocation and Rescission," he was a "free sovereign U.S. citizen" who elected to become, retroactively, a "nontaxpayer."

It is undisputed that Baker earned income in 1985, 1986, 1987, and 1988 subject to tax under Maryland law, that he in fact owed a tax on the income so earned, and that for each of those years he knowingly and deliberately refused to file an income tax return and to pay any part of the tax that was due. At the time, the refusal was presumably based on the reasons just noted. Those are not the reasons advanced at trial or in this appeal, however. Rather, he discovered the Forms Management Act, which, among other things, (1) requires each unit of the Executive Branch of the State Government to designate a "forms management officer" to "keep a current plan for the management of forms that the unit uses" (§ 10–605); (2) states that the plan shall require "a register of the forms that the forms manage-

ment officer approves" (§ 10–606(a)(2)) and require also that each form be identified in accordance with a standard identification system developed by the Records Management Division of the Department of General Services (§ 10–606(a)(3)); and (3) provides that the unit "may use only the forms that are listed on its register of approved forms." (§ 10–607).

Incredibly, a major part of the four-day trial, producing 815 pages of transcript and an entire carton of exhibits, was taken up with whether the Maryland Income Tax Return Form (Form 502) was identified in accordance with the Department of General Services standard identification system and was properly on the Comptroller's register of forms. There was testimonial evidence produced by the State showing that the form *was* on the register and *was* properly identified, but there was also some evidence from which an inference could be drawn that it was not. The court correctly told the jury that "the issue in this case is the guilt or innocence of the Defendants [1] of the crimes of willful failure to file Maryland income tax returns, not the administrative procedures of the State of Maryland." It continued, however, that the jury would have to consider "the intent of the Defendants at the time of the alleged crimes and whether they acted willfully" and that it "may consider the Forms Management Act only as it relates to their intent at the time of the alleged crimes."

Baker's argument before us is essentially two-fold. The underpinning of it is his continued urging that, unless Form 502 was properly on the Comptroller's register and was properly identified, it was not a legal or usable form and he therefore did not have to report his income. His more particular complaint, which is essentially one of prosecutorial misconduct, is that the prosecutors and two State's witnesses "knew or should have known that the Office of the Comptroller was not in compliance with SG 10–604

---

1. Baker's wife was also charged and convicted. She has not joined in this appeal, however.

through 10–608 by their experience and knowledge of the law" but nonetheless "directly or indirectly, attempted to demonstrate compliance with patently irregular evidence...." Indeed, he actually charges that their conduct was deceptive and fraudulent.

There is no basis in this record for such a scurrilous charge, and we therefore reject it summarily as being unsupported in fact. More significantly, however, it would matter not one whit in this case whether the Comptroller is or is not in compliance with the Forms Management Act.

The Forms Management Act was first enacted by 1978 Md.Laws, ch. 981 as new § 13 of art. 54, the article dealing with the Hall of Records. Its purpose was well and clearly stated in § 13(B)—"to assure that the department or agency uses only those forms which are necessary for its effective and efficient operation." To achieve that end, the law required each agency to develop a forms management plan and to have its forms reviewed and approved by a forms management officer, properly identified, and placed on a register. It was in that context that the law provided that "only forms approved by the forms management officer under the forms management plan and listed on the register of approved forms may be used by a department or agency."

In 1984, the Legislature rewrote the laws governing the Hall of Records and State records and archives in general. 1984 Md.Laws, ch. 286. The current version of the Forms Management Act arose from that rewriting and the contemporaneous enactment, as part of the general Code Revision process, of the State Government article. 1984 Md.Laws, ch. 284. Although some of the language of the original Act has changed as the result of those revisions, its purpose and its major provisions have remained the same.

■ It is significant that, although the law has been before the Legislature on three occasions since 1978, that body has carefully avoided stating any sanctions, penalties, or remedies for an agency's noncompliance with the require

ments of the Act. As we pointed out most recently in *Tucker v. State,* 89 Md.App. 295, 598 A.2d 479 (Sept. Term, 1991), where a statute purports to direct that something be done but provides no sanction for noncompliance with that directive, the court will attempt to discern the overall purpose of the statute and then determine which, if any, sanction will best further that purpose.

We have already discerned the purpose of the Forms Management Act—to promote efficiency in the development and use of forms by State Executive Branch agencies. We cannot, in our wildest imaginings, conceive that the General Assembly intended to excuse people from filing tax returns because the Comptroller fails in some particular respect to comply with the Forms Management Act. That would hardly produce the governmental efficiency sought by the Act. It would, moreover, create an irreconcilable inconsistency with the requirements of the Tax Code. Md.Ann.Code Tax–Gen. art., §§ 10–804, 10–805, and 10–820 require Maryland residents to file a State income tax return if they would be required to file a Federal income tax return, whether or not they owe a State tax *and whether or not the Comptroller sends them a form.* Willful failure to file a return is a crime (*id.,* § 13–1001; former Md.Code art. 81, § 320 (1957 and 1987 Supp.)).

In short, a person is not excused from the requirement of filing a State income tax return because the form of the return is not in compliance with the Forms Management Act.

JUDGMENT AFFIRMED; APPELLANT TO PAY THE COSTS.