635 A.2d 30

**COLUMBIA ROAD CITIZENS' ASSOCIATION, et al.**

v.

**MONTGOMERY COUNTY, Maryland, et al.**

**No. 549, Sept. Term, 1993.**

Court of Special Appeals of Maryland.

Jan. 5, 1994.

Thomas C. Schild (Kim M. Czubaruk and Silverman & Schild, on the brief), Silver Spring, for appellants.

Karen L. Federman Henry, Associate County Atty. (Joyce R. Stern, County Atty., and A. Katherine Hart, Sr. Asst. County Atty., on the brief), Rockville, for appellee.

Argued before GARRITY, BLOOM and CATHELL, JJ.

CATHELL, Judge.

Columbia Road Citizens' Association (appellants) appeal from an order of the Circuit Court for Montgomery County affirming a decision of the Montgomery County Board of Appeals (the Board), which approved a special exception for a nursing home in a residential zone. On June 14, 1991, Global Health Management, Inc. (Global) petitioned the Board for a special exception to the Montgomery County zoning ordinance in order to build the nursing home. After a hearing before the Board on October 2, 1991, Global submitted an amended petition. The Board held subsequent hearings and on June 12, 1992, approved Global's request for a special exception. Appellants appealed the Board's decision to the Circuit Court for Montgomery County, where it was affirmed. This appeal followed. Appellants present one question:

Did the Circuit Court err in holding that the Montgomery County Board of Appeals did not act unlawfully by granting the Amended Application for Special Exception without obtaining the comments of the Montgomery County Planning Board or its Technical Staff or a statement that no further review or comment was necessary in accordance

with Section 59A–4.24 and 59A–4.48(c) of the Montgomery County Zoning Ordinance?

There was no error and we shall affirm.

There are two general standards of review from administrative decisions. In regard to findings of fact, the trial court cannot substitute its judgment for that of the agency and must accept the agency's conclusions if they are based on substantial evidence and if reasoning minds could reach the same conclusion based on the record; when reviewing findings of law, however, no such deference is given to the agency's conclusion. *Liberty Nursing Center, Inc. v. Department of Health and Mental Hygiene,* 330 Md. 433, 442–43, 624 A.2d 941 (1993); *State Election Bd. v. Billhimer,* 314 Md. 46, 58–59, 548 A.2d 819 (1988); *Enviro–Gro v. Bockelmann,* 88 Md.App. 323, 329, 594 A.2d 1190, *cert. denied,* 325 Md. 94, 599 A.2d 447 (1991); *Department of Health and Mental Hygiene v. Reeders Memorial Home, Inc.,* 86 Md.App. 447, 452, 586 A.2d 1295 (1991); *Gray v. Anne Arundel Co.,* 73 Md.App. 301, 307–09, 533 A.2d 1325 (1987).

The parties agree that the only issue to be decided by us is whether the trial court properly interpreted section 59–A–4.48(c). "This is an issue of statutory construction. Such an issue involves a question of law [citations omitted]; therefore, our review of the interpretation of that subsection by the Board of Appeals and the circuit court is expansive." *Gray,* 73 Md.App. at 309, 533 A.2d 1325. *See also L.R. Willson & Sons v. Garrett,* 76 Md.App. 120, 124, 543 A.2d 875 (1988).

The zoning ordinances at issue here reads, in pertinent part:

**59–A–4.24. Amendment of petition.**

An applicant may amend this statement prior to the hearing, upon consent of the board, following a motion to amend and 10 days' notice thereof to all parties entitled to original notice of filing. Amendments that are found by the board to alter materially a petitioner's proposal or evidence are cause to postpone the hearing to a date that permits all interested parties, including but not limited to public agencies, adequate time to review the amendment. The amend-

ment must also be referred to the planning board, in accordance with subsection 59–A–4.48(c). Nothing in this section prohibits the board, during the hearing or at any time before the record is closed, from requesting the applicant to revise any aspect of the proposal.

. . . .

**59–A–4.48. Planning board report and recommendation.**

. . . .

(c) After the planning board or its technical staff has issued its initial report and recommendation, the applicant must transmit to the planning board a copy of any subsequent amendment to the petition. The record must remain open for a reasonable time to provide an opportunity for the planning board or its staff to comment. Within that time, the planning board or its staff must comment on the amendment or state that no further review and comment are necessary.

The initial petition in this case was submitted to the Montgomery County Planning Board of the Maryland–National Capital Park and Planning Commission (planning board) for review. The planning board's role is to give advisory opinions to the Board on pending actions, as the Board has no professional planning staff of its own. The planning board recommended that the initial submission not be approved, but stated that if the project were reduced in scale or otherwise redesigned to reduce visual bulk and provide additional set backs, it could support the project. After the October 2, 1991, hearing, Global amended its special exception petition to address concerns discussed by the Board related to the previous objection of the planning board. The amendment was received by the Board on December 3, 1991, and submitted to the planning board as directed by section 59–A–4.48(c). At oral argument, it was noted, among other things, that the amendment reduced the size of the application. It was thus not a new application nor was it a substantial increase in scope but a reduction by amendment. The Board held the record open until February 17, 1992, for further comment. Neither

the planning board nor its technical staff commented on the amended petition before the Board closed the record.

Appellants argued in the circuit court that the language of subsection (c) is mandatory and requires the Board to receive comments from the planning board or its staff before making any decision. Because no comments were received, its argument goes, the Board's decision should be vacated and the case remanded to consider the planning board's comments, if any. The circuit court disagreed, ruling that the zoning ordinance's language was "directory" and not "mandatory." Therefore, the Board's decision could not be overturned solely because planning board comments were not received. The only issue to be decided in this appeal is whether the circuit court erred in determining that the language of 59–A–4.48(c) is "directory" and not "mandatory."

That is the issue we now address.

The word "shall" in a statute is "presumed mandatory on the parties, denoting 'an imperative obligation inconsistent with the exercise of discretion.'" Unless the context indicates otherwise, "shall" and "must" will be construed synonymously "to foreclose discretion" and "impose a positive absolute duty."

*Robinson v. Pleet,* 76 Md.App. 173, 182, 544 A.2d 1 (1988) (citing *Tranen v. Aziz,* 59 Md.App. 528, 534, 476 A.2d 1170 (1984), *aff'd,* 304 Md. 605, 500 A.2d 636 (1985)) (citations omitted). *See also Flat Iron Mac Assoc. v. Foley,* 90 Md.App. 281, 298, 600 A.2d 1156, *cert. denied,* 327 Md. 79, 607 A.2d 921 (1992); *Tucker v. State,* 89 Md.App. 295, 298, 598 A.2d 479 (1991). The Court of Appeals, however, has said:

"... it is well settled that the use of the words 'shall' or 'may' [is] not controlling, in determining whether a particular provision is mandatory or directory.... The question of construction turns upon the intention of the Legislature as gathered from the nature of the subject matter and the purposes to be accomplished."

*Director v. Cash,* 269 Md. 331, 344, 305 A.2d 833, *cert. denied,* 414 U.S. 1136, 94 S.Ct. 881, 38 L.Ed.2d 762 (1973) (citing

*Hitchins v. City of Cumberland,* 215 Md. 315, 323, 138 A.2d 359 (1958)). *See also Resetar v. State Bd. of Education,* 284 Md. 537, 547, 399 A.2d 225, *cert. denied,* 444 U.S. 838, 100 S.Ct. 74, 62 L.Ed.2d 49 (1979) (mandatory or directory nature dependent on legislative intent, subject matter and purpose of provision); *Moss v. Director,* 279 Md. 561, 564–65, 369 A.2d 1011 (1977) (look to context of provision for mandatory or directory nature); *Prince George's County v. McBride,* 268 Md. 522, 533, 302 A.2d 620 (1973) (nature of provision dependent in large part on character, purpose and legislative intent); *Tucker,* 89 Md.App. at 298, 598 A.2d 479 (courts look to context of provision and legislative intent to determine sanction); *Tranen,* 59 Md.App. at 535, 476 A.2d 1170 (nature of provision indicated by its context); *Harvey v. State,* 51 Md. App. 113, 116, 441 A.2d 1094, *cert. denied,* 293 Md. 616 (1982) (to overcome "mandatory" presumption look to purpose and absence of penalty provision); *Pope v. Secretary of Personnel,* 46 Md.App. 716, 717, 420 A.2d 1017 (1980), *cert. denied,* 289 Md. 739 (1981).

■ To overcome the presumption that the use of "must" makes an enactment mandatory, courts will also look to whether the enactment provides a sanction for noncompliance. *See Resetar,* 284 Md. at 550, 399 A.2d 225; *Moss,* 279 Md. at 566, 369 A.2d 1011; *Tucker,* 89 Md.App. at 299, 598 A.2d 479; *Harvey,* 51 Md.App. at 116, 441 A.2d 1094; *Pope,* 46 Md.App. at 717, 420 A.2d 1017. The lack of any sanction in the statute or provision tends to militate towards a finding that the statute or provision is directory.

■ Non-observance of "[a] mandatory provision in a statute ... renders the proceedings to which it relates illegal and void, while [the observance of] a directory provision ... is not necessary to the validity of the proceedings." *Bond v. Mayor & City Council,* 118 Md. 159, 166, 84 A. 258 (1912). *See also Black's Law Dictionary* 962 (6th ed. 1990). More recently, in *Tucker,* 89 Md.App. at 298, 598 A.2d 479, we stated the essence of the "mandatory/directory" distinction: "if the command is 'mandatory,' some fairly drastic sanction

must be imposed upon a finding of noncompliance, whereas if the command is 'directory,' noncompliance will result in some lesser penalty, or perhaps no penalty at all."

In determining whether the zoning ordinance in the instant case is mandatory or directory, the law of statutory construction requires that we first examine its plain language. Generally, the same rules governing the construction of statutes govern construction of ordinances. *Howard Research & Dev. Corp. v. Concerned Citizens*, 297 Md. 357, 364, 466 A.2d 31 (1983); *Clarke v. County Comm'rs*, 270 Md. 343, 349, 311 A.2d 417 (1973). It is also well settled that statutes should be interpreted according to their plain language, and that all parts should be construed in harmony, as a whole. *McCready Memorial Hospital v. Hauser*, 330 Md. 497, 504–95, 624 A.2d 1249 (1993).

Before examining the language of subsection 59–A–4.48(c), we look to the "General rules of interpretation." Section 59–A–2.2(a) states: "In this chapter, . . . the word 'shall' is mandatory and not optional." It is clear, therefore, that the Montgomery County Council was aware of how to make a provision explicitly mandatory. We are required to apply the rules of interpretation to the language of the ordinance to determine the meaning of the plain language. In the subsections at bar, the County Council used "must" (not shall), apparently, under the circumstances we shall address, intending the language to be directory, not mandatory. The contested portion of 59–A–4.48(c) states: "The record must remain open for a reasonable time to provide an opportunity for the planning board or its staff to comment. Within that time, the planning board or its staff must comment on the amendment or state that no further review and comment are necessary." This passage directs the planning board or its technical staff to submit comments to the Board regarding the amendment while the record is open. The record must remain open for a "reasonable time," therefore, the comments must be submitted within that "reasonable time."

This subsection does not provide for any sanction against the planning board for failure to submit comments, or against the Board for failure to consider the planning board's comments. This complete lack of sanctions lends support to the circuit court's finding that the provision is directory. *Tucker,* 89 Md.App. at 298, 598 A.2d 479.

The ordinance's language states that the Board should wait a reasonable time. The parties do not dispute that this was done. The language directs the *planning board* to submit comments; it should not be enforced by sanctions against the Board of Appeals or the applicants. If no sanction is provided for the planning board's failure to comment, the remedy is legislative, not judicial.

█ These two subsections deal with amendments to petitions for special exceptions before the Montgomery County Board of Appeals. Their purposes are to allow for amendments to special exception applications, to make certain that every party has a fair opportunity to evaluate any amendment to a proposed special exception, and to give the nonpartisan professional planning staff an opportunity to present its evaluation of any amendment to aid in the Board's decision-making process. Subsection 59–A–4.24 provides: "Amendments ... are cause to postpone the hearing to a date that permits all interested parties ... adequate time to review the amendment." This provision benefits any respondents by allowing them time to prepare their objections to the amended petition. It also allows the planning board time to prepare comments. The provision in subsection 59–A–4.48(c) directing the planning board to comment on the amendment is, however, for the Board's benefit, not that of the petitioners or their adversaries. While the "reasonable time" language seems designed to give the planning board some breathing room when last minute amendments are submitted for review, the onus is on the planning board to comment within that reasonable time, not on the Board to continue to extend the time for closing the record to wait for the comments.

Appellants argue that "the purpose of the Montgomery County statute is not merely to allow the Planning Board or its Staff an *opportunity* to voice their opinion, but rather to *ensure* that the Board of Appeals has the benefit of their knowledge or the awareness that the Planning Board or Staff believes no further review and comment are necessary." While 59–A–4.24 states that "[t]he amendment must also be referred to the planing board, in accordance with subsection 59–A–4.48(c)," it concludes: "Nothing in this section prohibits the board, during the hearing *or at any time before the record is closed,* from requesting the applicant to revise any aspect of the proposal." (Emphasis added). This section allows the Board to request changes up until the moment the record is closed, and does not include any provision for the review of those changes by the planning board or its technical staff. The language of 59–A–4.24 is inconsistent with a reading interpreting subsection 59–A–4.48(c) as mandatory. The Board is not required to wait for planning board comments on all amendments before having the authority to render decisions. Further, to allow appellants' interpretation would, in effect, give the planning board a "pocket" veto over the Board's ability to take action on any amended application for a special exception merely by delaying indefinitely comments on an amended application.

Appellants concede that the planning board's comments are advisory only. We found no provision in the record, nor were we directed to any, that required the Board of Appeals to adopt the planning board's comments and recommendations when they are submitted. In any event, the changes made, at least to an extent, reduced the scope of the project. This reduction, at least in part, addressed one of the concerns previously expressed by the planning board. Certainly, if the Board thought the planning board's input was necessary to rule on this amended special exception, it could have continued to keep the record open until further comments were received. But the statute only directs the Board to keep the record open for a reasonable time. During that reasonable time, the planning board must submit any comments it chooses to

forward, or inform the Board of its decision not to comment. In holding the record open, the Board did all it could do. Under the circumstances of this case, the Board was entitled to infer from the planning board's silence that it had chosen not to comment. While the preferred procedure would be for the planning board formally to advise the Board that it had nothing to say, the fact that it had nothing to say is self-evident in that, given the opportunity to comment, it said nothing.

Furthermore, the subject matter, purpose, and context of these sections support the circuit court's finding that they are directory and not mandatory. In its order, the circuit court found:

[A]ppellant challenges the procedure that was followed or not followed under section 59–A4–48C [sic] of the Zoning Ordinance, and in this case it is conceded that the Planning Board did not comment, as it is directed to do by that section, on the applicant's amended ... application.

The ordinance requires that when there has been an amendment to the plan previously reviewed by the Planning Board, then *the applicant must submit the amendment to the Planning Board* and the Planning Board must comment back to the Board of Appeals.

. . . .

The Court reads section 59–A4–48C [sic] as directory. There are no penalty requirements in the ordinance. The Board of Appeals is not prohibited from proceeding should the Planning Board not submit its comments, as it is directed to do.

In this case, the Court finds that in fact the record was held open a reasonable length of time for the Planning Board to submit its comments, that the applicant in fact met its *obligation* by presenting the amended plan to the Planning Board, and the failure of the Planning Board to react as the ordinance requires it to do does not require that this application and this case be reversed. [Emphasis added.]

Appellants contend that the circuit court's use of the phrase "then the applicant must submit the amendment to the plan-

ning board" and the word "obligation" implies that it interprets the entire section as mandatory. The argument has no merit. The circuit court was merely describing the process in the first instance, and, in the second instance, used a word with an inappropriate connotation when describing what actually took place. The court, in the quoted passage, clearly addressed the major factors in determining whether the section is mandatory or directory—the lack of penalty or any restriction on the Board's actions.

In their brief, appellants comment on *McBride,* 268 Md. at 532–34, 302 A.2d 620, where the Court of Appeals found that a statute directing municipal bodies to make recommendations on county zoning changes within their borders within sixty days was directory, not mandatory. It argues that *McBride* is inapposite to the instant case because that statute contained no mandatory language, and its purpose was clearly to give the municipality a *minimum* of sixty days to comment. Our reading of *McBride,* however, supports the circuit court's decision in the case at bar. The Court of Appeals stated, "That the reference of zoning applications to municipalities under § 59–83(c) is a 'duty ... of a public nature, and intended for the public benefit' cannot be seriously questioned." *Id.* at 533, 302 A.2d 620. It further stated:

> "[W]here the duty prescribed is of a public nature, and intended for the public benefit, and is directed to be performed within a specified time ... they are, in respect to the time, to be regarded *as directory* ... unless ... it plainly appears that the designation of time was intended as a limitation of power of the officer."

*Id.* at 532–33, 302 A.2d 620. Appellants agree that the planning board's comments are for the public benefit. Additionally, the record was also held open for at least sixty days in the case at bar and a decision not rendered for at least another five months. *McBride* supports the trial court's finding that section 59–A–4.48(c) is directory.

In their reply brief, appellants go on to criticize appellees' reliance on cases that find a time limit for performing an official function as directory. Appellants state:

Each of these cases [cited by appellees] concerned a statutory time period for holding a hearing or rendering an opinion or evaluation, and a request that the eventual finding be rendered invalid because of a lack of timeliness. *In contrast, the issue in the instant case was **not** whether or not the Planning Board or the Technical Staff made its comments in a **timely** manner, but whether it made its comments **at all.***

In the instant case, the planning board was given a *reasonable time* in which to submit comments. As discussed above, the Board is not required to keep the record open beyond a reasonable period in order for the planning board to submit comments. The real issue, therefore, is whether the Board offered to the planning board a reasonable time to render comments. It did, and the Board thus complied with the statute.

The circuit court did not err in determining that the language of Montgomery County Zoning Ordinance sections 59–A–4.24 and 59–A–4.48(c) was directory and not mandatory. We affirm.

JUDGMENT AFFIRMED; COSTS TO BE PAID BY APPELLANTS.